947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gordon Lynn MILES, Plaintiff-Appellant,
v.
SECRETARY OF the ARMY, Defendant-Appellee.
 No. 90-16459.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 28, 1991.
 
 Before SNEED, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gordon Lynn Miles appeals pro se the district court's grant of summary judgment in favor of the government in this 42 U.S.C. § 2000e-16 Title VII action. In his complaint, Miles alleged that he was denied a promotion on the basis of race. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Miles contends that the district court erred in denying his request under Fed.R.Civ.P. 56(f) to complete discovery before ruling on the government's motion for summary judgment. This contention lacks merit.
 
 
 4
 Under Rule 56(f) the court may refuse to grant a party's motion for summary judgment on the ground that the opposing party needs time to discover central facts. Fed.R.Civ.P. 56(f); Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir.1987). "A Rule 56(f) motion must show how additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir.1989); see Hancock v. Montgomery Ward Long Term Disability, 787 F.2d 1302, 1306 n. 1 (9th Cir.1986) (citing Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 656 (9th Cir.1984) (per curiam)). The party seeking continuance under Rule 56(f) may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. United States v. $5,644,540.00 in U.S. Currency, 799 F.2d 1357, 1363 (9th Cir.1986); VISA Int'l Serv. Assoc. v. Bankcard Holders, 784 F.2d 1472, 1475 (9th Cir.1986) (courts generally deny Rule 56(f) motions where it is clear that evidence sought is almost certainly nonexistent or the object of pure speculation). Furthermore, the court will not grant a Rule 56(f) motion if the movant has failed to pursue discovery diligently before summary judgment. Brae Trans., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1442-43 (9th Cir.1986).
 
 
 5
 In support of his Rule 56(f) motion, Miles suggested that a continuance and deposition of the selecting official might produce evidence sufficient to raise a triable issue of material fact. Nevertheless, the record indicates that the decision to seek other candidates for promotion was not based on a discriminatory motive. Thus, the evidence sought by Miles was purely speculative. Furthermore, the fact that Miles waited over a year after he filed his complaint to request discovery indicates a lack of diligence in pursuing discovery. Accordingly, the district court properly denied Miles's Rule 56(f) motion. See Brae, 790 F.2d at 1443-43; VISA Int'l, 784 F.2d at 1475.
 
 II
 
 6
 Miles contends that the district court erred in granting summary judgment because (1) intent was at issue, and (2) he is entitled to an unqualified right to trial in this Title VII case under Chandler v. Roudebush, 425 U.S. 840 (1976).
 
 
 7
 "Although courts should use summary procedures judiciously when intent is an issue, purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment." Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988) (citations omitted). "A party opposing a summary judgment motion must produce 'specific facts showing that there remains a genuine factual issue for trial' and evidence 'significantly probative as to any [material] fact claimed to be disputed.' " Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983) (quoting Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir.1979), cert. denied, 445 U.S. 951 (1980)).
 
 
 8
 Here, Miles failed to produce any specific, substantial evidence that race was a determining factor in the decision not to promote him. Instead, Miles argued that summary judgment may not be granted where motive is at issue, and made a generalized claim that discovery was needed. Miles' mere assertion that the defendant had discriminatory motivation and intent in failing to promote him is inadequate, without substantial factual evidence, to raise an issue precluding summary judgment. See Steckl, 703 F.2d at 393; Forsberg, 840 F.2d at 1419. Furthermore, this court has held that Chandler does not stand for the proposition that federal employees have an unqualified right to trial in Title VII cases. See Yartzoff v. Thomas, 809 F.2d 1371, 1373 (9th Cir.1987). Accordingly, the district court properly granted summary judgment.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3