97 F.3d 1458
 69 Empl. Prac. Dec. P 44,331
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paula J. BOARD, Plaintiff-Appellant,
v.
CHILDREN'S HOSPITAL OF LOS ANGELES, Defendant-Appellee.
 No. 95-55680.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1996.
Decided Sept. 24, 1996.
 
 1
 Before: REINHARDT, HALL, and LEAVY Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Plaintiff-appellant Paula J. Board appeals from the district court's order granting summary judgment in favor of defendant-appellee the Children's Hospital of Los Angeles. We affirm.
 
 I.
 
 4
 Board contends the district court erred in striking the declaration of Christina Lumba as inadmissible hearsay. We find that most of the declaration is peppered with hearsay and therefore hold that the district court did not abuse its discretion by striking paragraphs 1 through 11 of the declaration. However, paragraph 12 of the declaration refers to a meeting involving Board, Lumba and Mary McNulty. Lumba's perceptions of this meeting are admissible; however, we strike Lumba's contention that McNulty's failure to inform Board of her bumping rights at the time of termination was done "intentionally" because this is inadmissible hearsay. Fed.R.Evid. 802.
 
 II.
 
 5
 Under Title VII analysis, the appellant must first establish a prima facie case by introducing evidence that "give[s] rise to an inference of unlawful discrimination." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). If the appellant meets this burden, she creates a presumption that the employer engaged in intentional discrimination. The burden then shifts to the employer to articulate a legitimate nondiscriminatory reason for its employment decision. Id. If the employer satisfies this burden of production, the presumption of unlawful discrimination "simply drops out of the picture." St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2749 (1993). Then the burden returns to the appellant to prove that the employer's proffered reason is merely a pretext. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973). Although the burden of production shifts in this scheme, the burden of persuading the trier of fact that the employer discriminated against the appellant remains with the appellant at all times. Rose v. Wells Fargo, 902 F.2d 1417, 1420-21 (9th Cir.1990) (citing Burdine, 450 U.S. at 253).
 
 
 6
 The district court granted summary judgment in favor of the Hospital because it found that Board had failed to establish that the Hospital's motives in terminating her employment were pretextual. We agree.
 
 
 7
 To survive a motion for summary judgment, Board must do more than merely restate her prima facie case and challenge the credibility of the Hospital's witnesses. Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994); Lindahl v. Air France, 930 F.2d 1434, 1437-38 (9th Cir.1991). If the defendant presents a legitimate, nondiscriminatory reason for its actions, the plaintiff must then produce "specific, substantial evidence of pretext." Wallis, 26 F.3d at 890 (quoting Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983)). That is, she "must tender a genuine issue of material fact as to pretext in order to avoid summary judgment." Id. Here, the Hospital has provided a legitimate reason for her termination: it contends that economics necessitated a reduction in force and Board's poor performance made her most vulnerable in a lay-off. Thus, the burden of production returns to Board to provide evidence demonstrating the Hospital's motives were pretextual.
 
 
 8
 Board argues that when the Hospital terminated her employment, its administrators failed to notify her of her bumping rights. She contends that this omission was intentional and evidence of discriminatory intent. The Hospital states that Board was informed of her bumping rights; it points to a memo circulated in 1990 which discusses bumping rights in the context of the reduction in force and also contends that Board's supervisors informed her of these seniority rights prior to her termination. Despite the Hospital's protestations otherwise, we must view the evidence in the light most favorable to appellant and therefore conclude that Board was not informed of these bumping rights at the time of her termination.
 
 
 9
 However, this fact alone is not sufficient evidence by which to establish that the Hospital's actions were pretextual. We recognize that Board's burden at the summary judgment stage is "not so great." Warren v. City of Carlsbad, 58 F.3d 439, 443 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). Nonetheless, Board must provide "evidence of facts that either directly show a discriminatory motive" or show that the Hospital's explanation for her dismissal is not credible. Board has provided no evidence to demonstrate that racial animus was the reason she was not informed of her bumping rights. Although she argues that the omission was intentional, she offers no evidence to support her allegation and therefore she cannot survive summary judgment. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) (generalized or conclusory allegations will not suffice to prevent summary judgment).[1]
 
 
 10
 Nor does Board provide evidence that the Hospital's reasons for dismissing her were not credible. The Hospital states that its reduction in force was necessitated by economics and this court has recognized that a reduction in force constitutes a legitimate nondiscriminatory reason for employee discharges. See Sengupta v. Morrison-Knudsen Co, Inc., 804 F.2d 1072, 1075 (9th Cir.1986) (collapse of shale oil industry provided legitimate basis for employee termination); see also Gianculas v. Trans World Airlines, Inc., 761 F.2d 1391, 1395 (9th Cir.1985) ("evidence indicates that appellants were furloughed as part of a general reduction in TWA's management work force necessitated by the company's economic circumstances ..." and were therefore dismissed for good cause).
 
 
 11
 Furthermore, the Hospital has met its burden of proof by providing evidence that its reduction in force was legitimate: In March 1990, the accounting firm of Ernst & Young issued a report recommending that the Hospital downsize its staff in order to improve its fiscal health. That same month, the Hospital notified its employees that it would be reducing the workforce over a period of years. During the FY 1991-92, the Hospital directed the Information Services division to reduce its staff by six full-time employees. In February 1992, the division notified its employees that the staff would be downsized. Four of the division's positions were eliminated through attrition. Mary McNulty, a manager of the division, then made the decision to lay off two additional employees: Board, and a white male employee who worked as a Project Leader and had been employed by the Hospital since February 1989.
 
 
 12
 Relying on evidence culled from another discrimination case against the Hospital, Ravindran v. Children's Hospital of Los Angeles, Superior Court No. C 737817, Board attempts to demonstrate that there was a pattern of racial discrimination at the Hospital. In a previous order, we declined to consider this evidence because Board had failed to introduce it into the record below. Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077 (9th Cir.1988).[2] Thus, Board cannot rely on these documents to demonstrate a pattern of discrimination.
 
 
 13
 In short, Board has failed to provide specific and substantial evidence of pretext thereby allowing her to survive a motion for summary judgment. Accordingly, we find the court did not err in granting the motion for summary judgment.
 
 III.
 
 14
 Board also asserts a mixed motive theory to support her claim for discrimination. The Hospital argues that Board is barred from making such a claim because she failed to assert it in her complaint before the district court. However, "a plaintiff need not label her case a single or mixed motive case from the beginning." Washington v. Garrett, 10 F.3d 1421, 1432 n. 15 (9th Cir.1993). "Indeed, we expect that plaintiffs often will allege, in the alternative, that their cases are both [mixed and single motive] ... At some point in the proceedings, of course, the District Court must decide whether a particular case involves mixed motives." Id. (quoting Price Waterhouse v. Hopkins, 490 U.S. 228, 247 n. 12 (1989)). Here, Board raised her mixed motive theory for the first time in her opposition to the Hospital's motion for summary judgment. Although the district court never ruled on whether Board's was a single or mixed motive case, Board's theory is properly before us.
 
 
 15
 However, we find that even under a mixed motive analysis, Board's claim fails. To succeed on a mixed motive theory, the plaintiff is required to demonstrate "that it is more likely than not that a protected characteristic 'played a motivating part in the employment decision.' " Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1110 (9th Cir.1991). The burden then shifts to the defendant to show that absent discriminatory animus, the same decision would have been reached anyway. If an employer is able to establish that the same action would have been taken in the absence of illegitimate motive, the court is limited in the types of relief it may order. 42 U.S.C. § 2000e-5(g)(2)(b).
 
 
 16
 In arguing that race was a "substantial" factor in the Hospital's decision to lay her off, Board merely reiterates generalized allegations that she had been subjected to racial harassment as evidenced by her inability to take training classes, her failure to gain a promotion, her reassignment to menial tasks and her eventual lay off. She provides no direct evidence to support these allegations and we find that without more, her mixed motive theory claim fails.
 
 CONCLUSION
 
 17
 We AFFIRM.
 
 REINHARDT, Circuit Judge, dissenting:
 
 18
 In my opinion, there is a genuine issue of material fact as to pretext. Therefore, it was improper for the district court to grant summary judgment. The critical evidence at summary judgment was paragraph 12 of Lumba's declaration. That paragraph reads:
 
 
 19
 I was present and a witness to Ms. Board's termination on February 3, 1992. I was responsible for preparing the termination letter given to her by Ms. McNulty that day. There was a specific form from Human Resources to be given to each employee advising them of their "bumping" rights upon termination under RIF. The letter of termination given to Ms. Board on February 3, 1992 intentionally eliminated the provisions regarding her "bumping" rights. During that meeting, Ms. McNulty did not advise Ms. Board of any of her bumping rights under RIF.
 
 
 20
 I believe that the clear and reasonable inference that must be drawn from the paragraph for purposes of summary judgment is that the other employees subject to the reduction-in-force were provided with the bumping information at the time of discharge. There appears to be some confusion inherent in the paragraph as to whether a separate form was to accompany the termination letter or whether the material on the form was to be inserted in the letter. Either way, however, reading the paragraph in the light most favorable to Board, the conclusion is inevitable that the bumping material was omitted or eliminated from the information provided Board, and not from the information provided the others.
 
 
 21
 Because the facts described above support the further inference that the defendant was anxious to eliminate Board from its work force and seized on the reduction-in-force as an opportunity to do so, and because in firing Board it treated her in a manner different from the manner in which it treated all the other employees who were similarly situated, Board's showing of pretext is sufficient to survive summary judgment.
 
 
 22
 Accordingly, I dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover we fail to see the prejudice caused by this omission; as the Hospital points out, its employees were informed of their bumping rights in a memo distributed hospital-wide in 1990, prior to the reduction in force. Thus although Board was not informed at the time of her termination of these rights, she was informed of her seniority rights prior to the reduction in force
 
 
 [2]
 The Hospital has requested sanctions against defense counsel for attempting to introduce evidence not in the record. We decline to award sanctions