**Noel Puente GOMEZ, Juan Sanchez, Dan Elliot and Lee Hays, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**Richard VERNON, Director, Idaho Department of Correction, and Dave Paskett, Warden, Idaho State Correctional Institution, Defendants.**

No. CV 91–299–S–LMB.

United States District Court, D. Idaho.

Feb. 26, 1997.

---

Stephan L. Pevar, Denver, CO, Howard A. Belodoff, Boise, ID, for Plaintiffs.

Stephanie A. Altig, Deputy Attorney General, Boise, ID, for Defendants.

## MEMORANDUM DECISION AND ORDER

BOYLE, United States Magistrate Judge.

Currently pending before the Court are Defendants' Motion to De–Certify Class and to Dismiss (Docket No. 166), Defendants' Motion for Relief From Order (Docket No. 170) and Plaintiffs' Motion for Rule 23(d) Relief and Brief in Support (Docket No. 173).

Having carefully reviewed the record, considered oral arguments, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I.

## BACKGROUND

This is a class action brought pursuant to 42 U.S.C. § 1983 by the inmates of the Idaho State Correctional Institution (hereinafter "ISCI") and the Idaho Maximum Security

Institution (hereinafter "IMSI") against Richard Vernon in his official capacity as Director of the Idaho Department of Correction and David Paskett in his official capacity as the Warden of the Idaho State Correctional Institution. Plaintiffs allege numerous civil rights violations stemming from the operation of the prison law library.

■ It is well settled that state prisoners have a constitutional right of access to the courts. *Younger v. Gilmore*, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971); *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Prison officials have an affirmative duty to ensure that such access is "adequate, effective and meaningful." *Bounds*, 430 U.S. at 822, 97 S.Ct. at 1495.

In this instant action, Plaintiffs contend that the law library provided by IDOC is no longer adequate and that Defendants are not in compliance with *Bounds or Lewis v. Casey*, —— U.S. ——, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Specifically, Plaintiffs allege that Defendants' current method of providing access to the courts ignores the need of Hispanic prisoners who do not speak and/or read English, and that Defendants have failed to properly train inmate law librarians to work in the law library. Plaintiffs have also alleged that Defendants have routinely harassed, punished, fired or transferred inmate law librarians in retaliation for their legal work.

## II.

### MOTION TO DE–CERTIFY AND DISMISS

On September 24, 1992, the parties to the instant action filed a Stipulation for Class Certification under Fed.R.Civ.P. 23(a), (b)(1) and (b)(2). On October 1, 1992, this Court entered its Order certifying the case as a class action pursuant to the Stipulation. Defendants seek relief from the Court's order certifying the class in light of the new standard for review of access-to-courts cases maintained by prisoners set forth in *Lewis v. Casey, supra*. Defendants also seek dismissal of the named Plaintiffs' claims for lack of standing. Because the motion to dismiss for lack of standing may resolve all of the issues

in this case, the Court will first address the dispositive motion and if any issues remain, the Court will then address the motion to decertify.

### A. *Motion to Dismiss*

Defendants have moved to dismiss the instant action arguing that the named Plaintiffs do not have standing to pursue their claims because they have alleged and proven no actual harm. In response to Defendants' motion to dismiss, Plaintiffs have filed an appendix which contains the affidavits of a number of prisoners. In reply to their motion, Defendants have likewise filed several affidavits.

Regarding supplemental material filed in support of, or in opposition to, a motion to dismiss, Rule 12(b)(6) provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Inasmuch as the Court has considered the various affidavits and exhibits submitted by the parties regarding Defendants' motion to dismiss, the Court has considered that motion to be a motion for summary judgment and will apply the standard for summary judgment motions in resolving the instant motion to dismiss.

### 1. *Summary Judgment Standard*

Motions for summary judgment are governed by Fed.R.Civ.P. 56. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The United States Supreme Court has made it clear that under Rule 56, summary judgment is required if the nonmoving party fails to make a showing sufficient to establish the existence of an element which is essential to his case and upon which he/she will bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If the nonmoving party fails to make such a showing on any essential element of his case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. at 2552.[1]

Under Rule 56 it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue is "genuine" when there is "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial," *Hahn v. Sargent,* 523 F.2d 461, 463 (1st Cir.1975) (quoting *First Nat'l Bank v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)), *cert. denied* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976) or when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986). The Ninth Circuit cases are in accord. *See British Motor Car Distributors, Ltd. v. San Francisco Automotive Industries Welfare Fund,* 882 F.2d 371 (9th Cir.1989).

In ruling on summary judgment motions, the court does not resolve conflicting evidence with respect to disputed material facts, nor does it make credibility determinations. *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,* 809 F.2d 626 (9th

Cir.1987). Moreover, all inferences must be drawn in the light most favorable to the nonmoving party. *Id.* at 631. As the Ninth Circuit Court of Appeals has stated, "[p]ut another way, if a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." *Id.*

In order to withstand a motion for summary judgment, the Ninth Circuit has held that a nonmoving party:

(1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the nonmoving party's claim implausible.

*British Motor Car Distributors,* 882 F.2d at 374 (citation omitted). Moreover, the Ninth Circuit has held that where the moving party meets its initial burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must "produce 'specific facts showing that there remains a genuine factual issue for trial' and evidence 'significantly probative' as to any [material] fact claimed to be disputed." *Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir.1983) (citing *Ruffin v. County of Los Angeles,* 607 F.2d 1276, 1280 (9th Cir.1979), *cert. denied,* 445 U.S. 951, 100 S.Ct. 1600, 63 L.Ed.2d 786 (1980)).

The Ninth Circuit Court of Appeals has acknowledged that in recent years the Supreme Court, "by clarifying what the nonmoving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment." *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* 484 U.S. 1006, 108

---

1. *See also* Rule 56(e), which provides in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule,

must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

U.S.S.C. Court Rules, Rules of Civil Procedure, Rule 56(c) (Law. Co-op.1987 & Supp.1991).

S.Ct. 698, 699, 98 L.Ed.2d 650 (1988). As the Ninth Circuit has expressly stated: "No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *Id.*

In addressing the application of the "Summary Judgment Test," the Ninth Circuit has specifically explained that:

A "material" fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the *substantive law* governing the claim or defense. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

*T.W. Electrical Serv., Inc.*, 809 F.2d at 630 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)) (emphasis added).

### 2. *Analysis*

■ The issue of standing in the context of prisoner access-to-courts cases has recently been addressed in *Lewis v. Casey*, in which Justice Scalia, speaking for the majority, explained:

The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches.

— U.S. at ——, 116 S.Ct. at 2179 (citations omitted). In the access-to-courts context, the Supreme Court reasoned that a prisoner must demonstrate actual injury in order to have standing. Moreover, the Court explained that "[b]ecause *Bounds* did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at ——, 116 S.Ct. at 2180. "Insofar as the right vindicated by *Bounds* is concerned, 'meaningful access to the courts is the touchstone,' *Bounds*, 430 U.S., at 823, 97 S.Ct., at 1495 (internal quotation marks omitted), and the inmate seeking relief therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.*

Finally, the Supreme Court held that the actual injury requirement is not satisfied by just any frustrated legal claim. The frustrated legal claim must have been non-frivolous, and must have challenged the inmate's sentence, or the conditions of his confinement. *Id.* at ——, 116 S.Ct. at 2182. "In other words, *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.*

Regarding class actions which state access-to-courts claims, the Court explained:

That a suit may be a class action, . . . adds nothing to the question of standing, for even named plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class *to which they belong and purport to represent*."

— U.S. at ——, 116 S.Ct. at 2183 (citing *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n. 20, 96 S.Ct. 1917, 1925 n. 20, 48 L.Ed.2d 450 (1976)).

In support of their motion to dismiss/motion for summary judgment, Defendants first argue that because the named Plaintiffs cannot demonstrate actual injury, this action must be dismissed. Regarding the named Plaintiffs, the following is clear from the record in this matter: Noel Puente Gomez was deported June 13, 1996, and is no longer incarcerated at ISCI or IMSI: Juan Sanchez was transferred to the Prairie Correctional Facility in Minnesota, and is no longer incarcerated at ISCI or IMSI; and Dan Elliot was released December 18, 1994, after serving his sentence. Lee Hays is the only named Plaintiff who is currently in the custo-

dy of the Idaho Department of Correction.[2]

The Ninth Circuit has made it clear that "once a class is certified, if the named plaintiff had a legitimate case at the time of certification, then his transfer does not moot the case. This is especially true in prison litigation where the turnover of named representatives is potentially quite high due to frequent transfers or releases." *Gluth v. Kangas,* 951 F.2d 1504, 1509 (9th Cir.1991) (citations omitted). At the time this action was certified, it is clear that the named Plaintiffs had a legitimate case. Now, three of the named Plaintiffs are no longer in the custody of Defendants, and thus, their claims are moot. However, rather than dismiss the case because three of the named Plaintiffs' claims are moot, the Court will allow Plaintiffs to substitute new named Plaintiffs who do have valid claims in their place if any have such claims. *See id.* ("Therefore, rather than dismiss the case and to assure the availability of one inmate prior to the case's conclusion, the district court properly added three new named plaintiffs.")

In opposing Plaintiffs' request to name new Plaintiffs, Defendants argue that no inmates can be substituted for the named Plaintiffs because no inmates have demonstrated the actual injury required for standing to pursue this action. Accordingly, Defendants conclude and argue that Plaintiffs' action must be dismissed.

In response, Plaintiffs have provided sufficient evidence for the record that the claims of several non-named inmates have actually been lost due to the conditions in the libraries at IMSI and ISCI. *See* Affidavit of Monserrat Levua, Ex. 3 (lost right to file writ of habeas corpus due to lack of interpreters at ISCI); Rogelio Ruiz, Ex.4 (lost right to file Rule 35 petition); Oscar Joya, Ex. 6 (lost right to file Rule 35 petition); Pablo Garcia Pena, Ex. 9 (lost right to file Rule 35 petition); Jose E. Lombera, Ex. 12; Julio Hernandez, Ex. 15 (lost right to file Rule 35 petition); Jesus Soto, Ex. 16 (lost right to file Rule 35 petition); Deondre Bryant, Ex. 21, 22 (lost right to file for post-conviction relief); Wes Crispin, Ex. 21; Brian Spaudes, Ex. 21; Wesley Goff, Ex. 21, 23. However, Defendants argue in response that the affidavits submitted in opposition to the motion to dismiss/motion for summary judgment do not create a genuine issue of fact regarding actual injury because many of those inmates have actually filed actions in court, and because the affidavits do not address the merits of the claims allegedly lost due to the library conditions.

Defendants also assert that to the extent the affidavits submitted by Plaintiffs do present a possible relevant injury, Defendants have researched the individual inmates and have determined that those inmates were in fact able to file certain actions in various courts. *See* Affidavit of Kevin Burnett; Affidavit of Deborah A. Shields. However, for the Court to determine that the inmates actually did file claims, and thus did not suffer actual injury, it would be required to weigh the testimony of the inmates that they were unable to file claims with the testimony of the Defendants that they were able to file claims. The Court will not weigh such facts in reaching a conclusion regarding the instant motion for summary judgment. Accordingly, the Court concludes for purposes of these instant summary judgment proceedings that a legitimate factual dispute exists regarding whether inmates were actually able to file claims despite the conditions in the libraries at issue.

Next, Defendants argue that because the actual injury requirement in *Lewis v.*

---

**2.** After a careful review of the Complaint, the Court finds, for the limited purpose of these instant proceedings, both access-to-courts claims and claims that law clerks were retaliated against for filing actions for other prisoners. Regarding claims based on alleged retaliatory actions, the Ninth Circuit has explained that "[a] prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni,* 31 F.3d 813, 815–816 (9th Cir.1994) (citing *Rizzo v. Dawson,* 778 F.2d 527, 532 (9th Cir.1985)). Lee Hays has presented sufficient evidence to support a claim of retaliation separate and apart from an access-to-courts claim, and the Court will allow him to remain a named Plaintiff to represent members of the class who have allegedly suffered retaliation as a result of exercising their right to file lawsuits.

*Casey* requires an inmate to demonstrate that he has lost a "non-frivolous claim," Plaintiffs must present proof not only that claims were lost, but that those claims were meritorious. Defendants therefore urge the Court to conduct a mini-trial on each of the Plaintiffs' claims to determine whether those lost claims were meritorious.[3] However, after a careful reading of the majority opinion in *Lewis v. Casey*, and after consideration of the District Court's findings of fact in *Casey v. Lewis*, 834 F.Supp. 1553 (D.Ariz.1992), the Court is satisfied that a mini-trial on the merits of each Plaintiffs' claims is not required to determine whether evidence of actual injury has been presented.

In *Lewis v. Casey, supra*, the majority noted that the District Court had only found two instances of actual injury:

> Here the District Court identified only two instances of actual injury. In describing ADOC's failures with respect to illiterate and non-english-speaking prisoners, it found that "[a]s a result of the inability to receive adequate legal assistance, prisoners who are slow readers have had their cases dismissed with prejudice," and that "[o]ther prisoners have been unable to file legal actions." 834 F.Supp. 1553, 1558 (D.Ariz.1992)] ... Although the use of the plural suggests that several prisoners sustained these actual harms, the court identified only one prisoner in each instance. *Id.*, at 1558, nn. 37 (lawsuit of inmate Bartholic dismissed with prejudice), 38 (inmate Harris unable to file a legal action).

—— U.S. ——, ——, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606. The majority in *Lewis* rejected petitioner's arguments that the injuries suffered by inmate Bartholic and inmate Harris were insufficient to prove "actual injury." *Id.* ("Having rejected petitioners' argument that the injuries suffered by Bartholic and Harris do not count ...").

The testimony of inmate Bartholic which lead the district court, and ultimately the Supreme Court, to conclude that he had suffered an actual injury did not address the merits of his underlying legal claim. In fact, Bartholic's only testimony relating to the merits of his claim was that he had filed a claim based on "access to outside recreation, access to the library and medical." *Casey v. Lewis*, CV 90–0054, CV 91–1808 (D.Ariz. 1992), 12–17–91 Transcript, at 199, 11. 17–19. The fact that the majority in *Lewis v. Casey, supra*, considered Bartholic's claim to meet the "actual injury" requirements despite the fact that Bartholic did not testify as to the merits of his claim, leads this Court to conclude in the instant action that a mini-trial on the merits of each Plaintiffs' claim is not necessary to determine whether an "actual injury" has been alleged or established.

Similarly, the testimony of inmate Harris which lead the district court, and the Supreme Court, to conclude that he had suffered an actual injury did not address the merits of his underlying legal claim. Harris's only testimony relating to the merits of his underlying claim was that he had sought legal assistance to file a claim to determine the reason "why I ain't getting my medication, is there something there that I could do." *Casey v. Lewis*, CV 90–0054, CV 91–1808 (D.Ariz.1992), 12–18–91 Transcript, at 218, 11. 8–20. This testimony from inmate Harris was deemed sufficient by both the district court and the Supreme Court to state an actual injury for the purposes of standing despite the fact that it did not address the issue of the merits of his claim.

Based on the Supreme Court's conclusion and holding that the above cited testimony was sufficient to demonstrate actual injury for standing purposes in *Lewis v. Casey*, this Court concludes that the testimony provided by Plaintiffs in this action is also sufficient to demonstrate actual injury for standing purposes. *See* Affidavit of Monserrat Levua, Ex. 3 (lost right to file writ of habeas corpus

---

**3.** Justice Souter argued in his concurrence/dissent that district courts *might* be required to look into the merits of plaintiffs' claims under the majority's view:

> On the Court's view, a district court may be required to examine the merits of each plaintiff's underlying claim in order to determine

whether he has standing to litigate a *Bounds* claim ... The Court would require a determination that the claim is "non-frivolous," ... in the legal sense that it states a claim for relief that is at least arguable in law, and in fact. —— U.S. at ——–——, 116 S.Ct. 2174, 2203 (J. Souter, concurring/dissenting).

due to lack of interpreters at ISCI); Rogelio Ruiz, Ex.4 (lost right to file Rule 35 petition); Oscar Joya, Ex. 6 (lost right to file Rule 35 petition); Pablo Garcia Pena, Ex. 9 (lost right to file Rule 35 petition); Jose E. Lombera, Ex. 12; Julio Hernandez, Ex. 15 (lost right to file Rule 35 petition); Jesus Soto, Ex. 16 (lost right to file Rule 35 petition); Deondre Bryant, Ex. 21, 22 (lost right to file for post-conviction relief); Wes Crispin, Ex. 21; Brian Spaudes, Ex. 21; Wesley Goff, Ex. 21, 23.

Based on the foregoing, the Court finds and thus concludes in this instant action that the issue of whether inmates suffered actual injury as a direct result of Defendants' actions is a question of fact properly left for the trier of fact. Because there are inmates who have submitted evidence of actual injury for the record in this matter, there are inmates who may be substituted for the named inhales whose claims are now moot. Accordingly, Plaintiffs will be allowed to substitute new Plaintiffs who have presented evidence of a legitimate claim of actual injury for the now moot named Plaintiffs in this action. Accordingly, Defendants' motion to dismiss/motion for summary judgment is denied.

**B. *De–Certification***

In light of the standard which now governs prisoner access-to-courts cases, Defendants argue that this Court should vacate its October 1, 1992 Order, pursuant to Fed.R.Civ.P. 23 and 60 and should de-certify the class. Regarding the criteria which must be met in order to certify an action as a class action, Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P.23(a). Rule 23(c)(1) provides that orders certifying class actions "may be altered or amended before the decision on the merits." Fed.R.Civ.P. 23(c)(1). In the instant action, Defendants ask the Court to vacate its October 1, 1992 Order pursuant to Rule 23(c)(1), based on the change of the law brought about by *Lewis v. Casey, supra.*

In the Court's view, the change of law itself does not require the decertification of the class. Rather, it appears clear Defendants must demonstrate that the change in law has lead to a change in the circumstances under which the original order for certification was filed. In the instant action, Defendants argue that the holding in *Lewis v. Casey, supra,* alters the numerosity and typicality requirements for certification, and they thus conclude that because those requirements can no longer be met, this action should be decertified.

At the time this action was initially filed, the relevant case law set forth a two-step analysis for determining whether an access-to-courts claim had merit. First, the Court was required to determine "whether the claimant [was alleging] a denial of adequate law libraries or adequate assistance from persons trained in the law." *Sands v. Lewis,* 886 F.2d 1166, 1169. If a claimant alleged either of these "core" type of violations, the inquiry ended there. However, if the claim did not involve a "core requirement," then the Court was also required to determine whether the prisoner had alleged an actual injury. Under *Lewis v. Casey, supra,* however, the Court is now always required to make a determination that the prisoner has suffered actual harm in an access-to-courts action. Demonstrating actual harm requires an inmate to "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis,* —— U.S. at ——, 116 S.Ct. at 2180.

Defendants argue in the instant action that Plaintiffs have not demonstrated that a large number of inmates have suffered actual injury, and therefore conclude that the numerosity requirement for a class action is not met. However, as indicated above, there are a number of prisoners who meet the actual injury requirements set forth in *Lewis v. Casey, supra.* Thus, the Court concludes in

this instant action that despite the change of law in the area of access-to-courts claims, Defendants have not demonstrated that circumstances have changed which would require a reversal of the Court's order certifying this action as a class action. Accordingly, Defendants' motion to de-certify is denied.

## III.

### MOTION FOR RELIEF FROM ORDER

Defendants have moved for relief from this Court's December 16, 1993 Order pursuant to Fed.R.Civ.P. 60(b)(5). Rule 60(b)(5) provides for relief from a judgment or order when "it is no longer equitable that the judgment have prospective application." The Ninth Circuit has explained that "[t]he three traditional reasons for ordering the modification or vacation of an injunction are (1) changes in the operative facts, (2) changes in the relevant decisional law, and (3) changes in any applicable statutory law." *Toussaint v. McCarthy*, 801 F.2d 1080, 1090 (9th Cir. 1986) (citing CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 2961, ¶. 604–05 (1973)). It is clear in the instant action that there have been significant changes in relevant decisional law. The recent Supreme Court case of *Lewis v. Casey, supra*, articulated a new standard for prisoner access-to-courts actions, and thus, Defendants have requested relief from the Court's prior order.

Regarding Defendants' motion for relief from order, the Court inquired of the parties at the December 10, 1996 hearing in this matter whether it would be more appropriate for the Court to simply consider the pending motion for summary judgment under the new standard rather than to go back and attempt to rework the December 16, 1993 Order.[4] Defendants acknowledged that if the Court applied the relevant actual injury standard to these proceedings, the motion for relief from the summary judgment order would be moot. (*See* Transcript, Dec. 10, 1996 Hearing, at 20, 11. 16–19.) Accordingly, because the Court has applied the relevant

actual injury standard to Defendants' motion for summary judgment, *see supra*, Defendants' motion for relief from order is now moot.

## IV.

### MOTION FOR RULE 23(d) RELIEF

Because the recent ruling in *Lewis v. Casey, supra*, requires that Plaintiffs each demonstrate actual injury, Plaintiffs have requested that the Court order Defendants to place notices at the prisons informing prisoners of this action. Plaintiffs argue that they are unable to contact members of the class who may have suffered actual injury without this type of notice. In support of their claim that notice should be posted informing prisoners of this action, Plaintiffs direct the Court to *Bogard v. Cook*, 586 F.2d 399, 407 (5th Cir.1978), in which the district court certified a "Rule 23(b)(1) and (b)(2) class action, and directed that notice of the suit be sent to all Parchman inmates." Plaintiffs argue that such notice should also be allowed in this action.

■ The Court agrees that the decision whether to allow a notice to be posted in this action is within the discretion of the Court. However, because this action has already been certified a class action, because there are already prisoners with claims available to be class representatives, and because this litigation has been underway for over five years, the Court concludes that notice to all prisoners regarding the current status of this action is neither necessary nor wise. Accordingly, Plaintiffs' motion for Rule 23(d) relief is denied.

## V.

### ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

---

4. In the 1993 order, the Court found that there were genuine issues of fact regarding most of Plaintiffs' claims. Defendants argue that the Court should go back to that order at this time,

determine that there are no genuine issues of fact and grant summary judgment in favor of Defendants.

1. Defendants' Motion to De–Certify Class and to Dismiss (Docket No. 166) is DENIED.

2. Defendants' Motion for Relief From Order (Docket No. 170) is MOOT.

3. Plaintiffs' Motion for Rule 23(d) Relief and Brief in Support (Docket No. 173) is DENIED.