122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George JAHELKA, Plaintiff-Appellant,
v.
SOUTHERN CALIFORNIA GAS COMPANY, Defendant-Appellee.
 No. 96-55539.
 United States Court of Appeals, Ninth Circuit.
 Aug. 19, 1997.
 
 Before: BROWNING, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George Jahelka ("Jahelka") appeals the district court's grant of summary judgment in favor of Southern California Gas Company ("SCGC") in Jahelka's law suit alleging age discrimination under the Age Discrimination in Employment Act ("ADEA") and the California Fair Employment and Housing Act ("FEHA"). The district court concluded that Jahelka failed to rebut SCGC's proffered legitimate nondiscriminatory reason for discharge with evidence of pretext. Jahelka also appeals the district court's denial of his motion for leave to file an amended complaint to add claims for race and sex discrimination and denial of his motion for oral argument. We affirm.
 
 I.
 
 3
 Under the ADEA and FEHA, an employer may not discriminate against an employee in the terms, conditions or privileges of employment on the basis of age. 29 U.S.C. § 623; Cal. Gov't Code §§ 12921, 12940, 12941. The same analytical framework utilized to analyze disparate treatment claims under Title VII of the Civil Rights Act of 1964 applies to claims of age discrimination under the ADEA and FERA. Wallis v. J.R. Simplot Co., 26 F.3d 885, 888-89 (9th Cir.1994); University of Southern Cal. v. Superior Court, 272 Cal.Rptr. 264, 268 (Ct.App.1990).
 
 
 4
 Jahelka established a prima facie case under the ADEA and FEHA because he demonstrated that he was within the protected class of individuals over forty years of age, that he applied for a position for which he was qualified, and that a younger person with similar qualifications received the position. Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir.1987); Levy v. Regents of Univ. of Cal., 245 Cal.Rptr. 576, 582 (Ct.App.1988).
 
 
 5
 Once a prima facie case has been made, the burden shifts to the employer who must offer evidence that the adverse action was taken for other than impermissible discriminatory reasons. Wallis, 26 F.3d at 889. SCGC presented evidence that the person hired for the Treasurer position better met the job qualifications than Jahelka and that the decisionmakers (Levitin and Todaro) were aware of Jahelka's past performance problems. The articulation of a legitimate nondiscriminatory reason shifts the burden back to Jahelka to prove that SCGC's proffered nondiscriminatory reason for rejecting Jahelka was merely a pretext for discrimination. Id. Mere assertions that SCGC had a discriminatory motivation and intent are inadequate to carry the burden of proving that SCGC's proffered nondiscriminatory reasons for the adverse employment action were a pretext for discrimination. Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983). Rather, Jahelka must present "substantial factual evidence" to raise an issue precluding summary judgment. Id. The district court correctly found that Jahelka failed to present such evidence.
 
 
 6
 Jahelka failed to present evidence rebutting SCGC's allegation that he suffered from performance problems and that the decisionmakers relied on their recollection of those problems in declining to consider him as a candidate for the Treasurer position. By failing to rebut those allegations, Jahelka failed to carry his burden of proving that the proffered reason for not considering him as a candidate was a pretext for age discrimination. Jahelka argues that the court should reject SCGC's proffered evidence that its decision was based upon Jahelka's past performance problems due to the fact that neither Levitin nor Todaro had specific detailed memories about those performance problems. The fact that both men had only vague memories about the occurrences does not suggest that they manufactured the incident; rather, it is entirely consistent with a legitimate memory of a past incident with which they were only peripherally involved.
 
 
 7
 The district court correctly concluded that "[i]t is certainly reasonable and does not 'strain credulity' to think that an employer would decline to hire a former employee for a position which entails far greater responsibilities than did the employee's prior position, where the employer is aware of even the slightest deficiencies in the employee's past job performance." Further, whether or not Jahelka suffered from performance problems while at SCGC, he failed to present any evidence that SCGC did not actually base its employment decision on its recollections of those problems or that SCGC's employment decision was based upon Jahelka's age.
 
 II.
 
 8
 The district court denied leave to amend on the ground that Jahelka's new claims would suffer from the same defect which led the district court to dismiss his age discrimination claim through summary judgment. Federal Rule of Civil Procedure 15(a) allows a party leave to amend its pleading once as a matter of right prior to service of a responsive pleading. Thereafter, "a party may amend that party's pleading only by leave of the court or by written consent of the adverse party and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend should be denied where amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir.1991).
 
 
 9
 Jahelka sought leave to amend his complaint to add claims for sex and race discrimination. As is true of Jahelka's claim of sex discrimination, Jahelka failed to rebut SCGC's proffered legitimate reason for not considering him based upon his past performance record. The district court did not err in denying leave to amend where summary judgment would be granted based upon Jahelka's failure to rebut SCGCn's legitimate reason for its adverse employment decision.
 
 III.
 
 10
 The district court was within its discretion in granting summary judgment without oral argument pursuant to Federal Rule of Civil Procedure 78. Federal Rule of Civil Procedure 78 provides that "[t]o expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3