**Rudolph STECKL, Plaintiff-Appellant,**

v.

**MOTOROLA, INC., Defendant-Appellee.**

No. 82–5524.

United States Court of Appeals,
Ninth Circuit.

Argued Jan. 10, 1983.

Submitted Feb. 1, 1983.

Decided April 4, 1983.

Richard S. Cohen, Lewis & Roca, Phoenix, Ariz., for plaintiff-appellant.

Lawrence Allen Katz, Streich, Lang, Weeks & Cardon, Phoenix, Ariz., for defendant-appellee.

Before TRASK, KENNEDY and POOLE, Circuit Judges.

POOLE, Circuit Judge:

Rudolph Steckl appeals the district court's order granting summary judgment in favor of his employer, Motorola, in Steckl's action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the ADEA). Steckl contends that the order is improper because the company's explanation for denying him a promotion was a pretext for age discrimination rather than a legitimate business reason. He also argues summary judgment is inappropriate because it was his intention to prove pretext by attacking the motivation and intent of Motorola's witnesses on cross-examination.

Steckl had worked for Motorola for 15 years in various management positions. A new position, formally titled "Senior Products Manager, Opto Products, Chips and Strategic New Programs," was created in 1976. Motorola refused to promote Steckl, who was then 50 years old, and gave the job to Nicholas Schaefer, a younger man. Steckl claims that Motorola failed to promote him because of age discrimination while Motorola contends that Schaefer was promoted because of his qualifications and technical expertise.

A plaintiff under the ADEA has the ultimate burden of proving that age was a "determining factor" in an employer's decision affecting him. *Douglas v. Anderson,* 656 F.2d 528, 531 (9th Cir.1981); *Kelly v.*

American Standard, Inc., 640 F.2d 974, 984 (9th Cir.1981). We agree with the district court that Steckl had established a prima facie case of discrimination as required by *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981) and *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–804, 93 S.Ct. 1817, 1824–1825, 36 L.Ed.2d 668 (1973). He was clearly within the protected class, had applied for an available position for which he was qualified, and was denied a promotion which was given to a younger person. The result was creation of an inference of discrimination.

■ In the face of that prima facie showing, Motorola had to meet the inference by articulating some "legitimate, nondiscriminatory reason" for its conduct. Motorola met this burden by offering evidence that Schaefer's expertise, not Steckl's age, was the determining factor in the promotion decision. Motorola proved that Schaefer had substantially more education, training and experience in circuit design and circuit systems than Steckl, in a position calling for those qualifications.

With the inference of discrimination rebutted, the burden then returned to Steckl to demonstrate that Motorola's explanation was but a pretext for discrimination. *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093; *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. at 1285. However, Steckl failed to produce any specific, substantial evidence of pretext and that age was a determining factor in the decision. Consequently, the district court's ruling was proper.

A party opposing a summary judgment motion must produce "*specific* facts showing that there remains a genuine factual issue for trial" and evidence " 'significantly probative' as to any [material] fact claimed to be disputed." *Ruffin v. County of Los Angeles,* 607 F.2d 1276, 1280 (9th Cir.1979), *cert. denied,* 445 U.S. 951, 100 S.Ct. 1600, 63 L.Ed.2d 786 (1980). Steckl's mere assertions that Motorola had discriminatory motivation and intent in failing to promote him were inadequate, without substantial factual evidence, to raise an issue precluding summary judgment. *Cf. Berkelman v. San Francisco Unified School District,* 501 F.2d 1264 (9th Cir.1974) (mere conclusory allegations regarding discriminatory admissions to college preparatory public high school were insufficient to make the school board's intent a triable question that would frustrate otherwise appropriate summary judgment). Steckl failed to refute Motorola's evidence that Schaefer's experience was compatible with the requirements for the new job. And while it is generally true, as Steckl contends, that Motorola's managers needed supervisory rather than technical skills, he also failed to rebut Motorola's evidence that the new position was unique and required a manager with enough technical expertise to be able to develop new product lines and technology with a limited staff and budget. Therefore, the district court correctly granted summary judgment to Motorola.

■ Steckl also claims that summary judgment in an age discrimination case is precluded if a plaintiff has established a prima facie case and intends to prove pretext by challenging the credibility of the employer's witness on cross-examination. We disagree. Plaintiffs in ADEA cases must tender a genuine issue of material fact as to pretext in order to avoid summary judgment.

It is true that courts are generally reluctant to grant summary judgment in a case in which motivation and intent of a party are at issue. *Douglas,* 656 F.2d at 535. However, Steckl produced no facts which, if believed, would have shown pretext and thus tendered an issue for trial. In this case, as in *Kephart v. Institute of Gas Technology,* 630 F.2d 1217, 1218 (7th Cir.1980), the "plaintiff had no indications of motive and intent, supportive of his position, to put on the scales for weighing." Steckl's claims that Motorola failed to promote him because of discriminatory motivation and intent were "wholly empty" and therefore insufficient to prevent summary judgment. *Kephart,* 630 F.2d at 1218.

This court has indicated that the use of summary procedures is proper in appropri-

ate discrimination actions even when the plaintiff has established a prima facie case. "... [O]ne purpose of the allocation of the burdens of proof and production in Title VII and ADEA actions is to help district courts identify meritless suits and to stop them short of full trial.... The ADEA is not intended as a vehicle for general judicial review of business decisions." *Douglas,* 656 F.2d at 525.

The judgment of the district court is affirmed.