988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Amalia K. AWAD, Plaintiff-Appellant,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, Defendant-Appellee.
 No. 91-55872.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1993.
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-90-0647-FW; Francis C. Whelan, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Amalia K. Awad appeals the summary judgment dismissal of her claims of discrimination and intentional infliction of emotional distress against her employer, Federal National Mortgage Association ("Federal"). Awad, a fifty-one year old Egyptian woman, claimed she was denied a promotion because of her age, gender, and national origin in violation of the California Fair Employment and Housing Act, Cal.Govt.Code §§ 12940 and 12941. She also claimed her employer, by discriminating against her and by treating her in a rude and outrageous manner, intentionally inflicted severe emotional distress. The district court granted Federal's motion for summary judgment and dismissed Awad's claims. We affirm.
 
 
 3
 * Appellant first claims the district court erred in dismissing her claims of age, gender, and national origin discrimination in violation of the California Fair Employment and Housing Act, Cal.Govt.Code §§ 12940 and 12941. Awad's claims result from one alleged discriminatory incident: in November 1988, Federal transferred a younger man into a position for which Awad had applied.
 
 
 4
 We review the district court's grant of summary judgment de novo. Schneider v. TRW, Inc., 938 F.2d 986, 989 (9th Cir.1991). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Id. "A party opposing summary judgment must produce 'specific facts showing that there remains a genuine factual issue for trial' and evidence ' "significantly probative" as to any [material] fact claimed to be disputed.' " Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983) (quoting Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir.1979), cert. denied, 445 U.S. 951 (1980)).
 
 
 5
 To establish a prima facie claim under disparate treatment analysis, the plaintiff must show that she is a member of a protected class, she applied for a job for which she was qualified, and the job was given to another. Steckl, 703 F.2d at 393 (citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-253 (1981) and McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973)). Federal disputes Awad's qualifications for the job and points out that none of the interviewed candidates was hired for the position, but instead that the position was finally filled by transferring an employee from another division. Even assuming arguendo the existence of a prima facie case, however, Awad's claim fails on other grounds.
 
 
 6
 Once the plaintiff has established a prima facie case, " 'the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision.' " Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1436 (9th Cir.1990) (quoting Lowe v. City of Monrovia, 775 F.2d 998, 1005 (9th Cir.1985), amended by, 784 F.2d 1407 (9th Cir.1986)). Federal informed the district court that a younger black man was transferred into the open position to avoid the separation of his employment due to a reduction in force implemented in his division. This fact was undisputed. Federal thus met its burden of articulating a legitimate nondiscriminatory reason for not promoting Awad.
 
 
 7
 Once the defendant articulates the reasons for his employment decision, the burden shifts back to the plaintiff, who " 'must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory.' " Id. at 1436-1437 (quoting Lowe, 775 F.2d at 1005). Awad failed to meet this burden. "To avoid summary judgment, [the defendant] must demonstrate a genuine issue of material fact as to pretext." Id. at 1437. "A plaintiff can show pretext in two ways, either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. (quotations omitted).
 
 
 8
 Awad presented no evidence of Federal's discriminatory motive or evidence which cast any doubt as to the veracity of Federal's proffered explanation. In deposition testimony, appellant stated she did not know what criteria her supervisor used to make the hiring decision. In fact, appellant's entire argument as presented in the briefs is that Awad was "more qualified for promotion than the individual who was hired for the position for which plaintiff applied." This argument at best establishes only a prima facie case and ignores the remainder of plaintiff's burden in a disparate treatment case. Appellant's deposition testimony contains evidence which supports Awad's argument that she was better qualified than the individual who was hired; however, Federal's explanation of its hiring decision was that it was not based on the best credentialed candidate, but on a desire to maintain an employment relationship with an individual who would have otherwise lost his employment. Appellant did not provide any evidence whatsoever contesting that explanation. "Mere assertions of discriminatory motive and intent" are inadequate to withstand summary judgment. Foster v. Arcata Assocs., 772 F.2d 1453, 1459 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986).
 
 
 9
 As evidence of Federal's discriminatory intent, Awad also stated she overheard a supervisor promise to "get the 'dirty Egyptian' out of defendant's company." However, this statement was made some three years prior to the employment decision in question. There was no evidence this was anything but an isolated incident. "Stray" remarks are insufficient to establish discriminatory intent. Merrick, 892 F.2d at 1438. See, also, Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 314-316 (6th Cir.1989) (a "single, isolated discriminatory comment" by plaintiff's supervisor insufficient to trigger burden shift or to avoid summary judgment).
 
 
 10
 Appellant failed to provide specific facts showing her employer's alleged discriminatory motives. Thus, the district court was correct in granting summary judgment in Federal's favor. The dearth of factual information in appellant's brief along with a failure to apply even a semblance of the law of employment discrimination makes Awad's appeal border on frivolity.
 
 II
 
 11
 Awad next contends the district court erred when it dismissed her claims of tortious intentional infliction of emotional distress. The district court determined appellant's claims did not rise to the level of "outrageous conduct" required in such actions and also that California Labor Code § 3602 preempted such claims.
 
 
 12
 Under California law, a prima facie case of intentional infliction of emotional distress "requires (1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation of the emotional distress." Schneider, 938 F.2d at 992 (quoting Cole v. Fair Oaks Fire Protection Dist., 43 Cal.3d 148, 155 n. 7 (1987)). "Summary judgment is proper if a claim cannot 'reasonably be regarded as so extreme and outrageous as to permit recovery.' " Id. (quoting Trerice v. Blue Cross of California, 209 Cal.App.3d 878, 883, 257 Cal.Rptr. 338, 340 (Cal.App. 1 Dist.1989)). " 'Conduct, to be "outrageous," must be so extreme as to exceed all bounds of that usually tolerated in a civilized society.' " Id. (quoting Trerice, 209 Cal.App.3d at 883)
 
 
 13
 The evidence Awad presented did not indicate Federal's conduct was "outrageous". In addition to incorporating her claims of intentional discrimination, Awad claims Federal's conduct was "outrageous" because: she received a weak performance appraisal; her supervisors "behaved in an extremely rude and outrageous manner" and that she was "yelled at"; and she had been ordered out of her normal work station and was later forced to share that work station with a "back-up" replacement hired while Awad was on medical leave.
 
 
 14
 This alleged conduct does not rise to the level of "outrageousness" required by California law. This circuit has reviewed far more egregious behavior and determined it did not rise to a sufficient level of "outrageousness." Schneider, 938 F.2d at 992. "While such incidents may show rudeness and insensitivity, they do not amount to outrageous conduct." Id.
 
 
 15
 Because we agree with the district court's determination that Awad failed to present a prima facie case of intentional infliction of emotional distress, we need not address the issue of whether her claims are preempted by California's Workers' Compensation statute, Cal.Labor Code § 3602.
 
 III
 
 16
 Appellant finally argues the district court erred by not construing appellant's affidavits in opposition to Federal's motion for summary judgement as a Rule 15(b) request to amend her complaint. Disregarding the fact that appellant made no motion before the district court to amend her complaint with the factual information contained within her supporting affidavits, the district court nonetheless referenced specific information contained within those depositions when it dismissed Awad's claims. Like the district court, this panel finds nothing within those depositions which help appellant meet her burden of showing Federal's explanation of its employment decision was merely a pretext.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3