46 F.3d 1140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus A. FIGUEROA, Plaintiff-Appellant,
v.
SOUTHERN CALIFORNIA GAS COMPANY, et al., Defendants/Appellees.
 No. 92-55332.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Feb. 7, 1995.
 
 1
 Before: BRUNETTI, KOZINSKI, and BOGGS,** Circuit Judges.
 
 
 2
 MEMORANDUM***
 
 
 3
 Jesus Figueroa, a Hispanic male over 40 years of age, appeals the district court's grant of summary judgment against his complaint for age and national origin discrimination based on his failure to receive a promotion to the position of Supervisor of Income Tax Accounting with the defendant, Southern California Gas Company (SCG). The district court, in an extensive and careful opinion, found that Figueroa was not qualified for the position, and that even if he were technically qualified, the defendants had offered a legitimate non-discriminatory reason for choosing another candidate for this position. We hold that the latter ground is amply supported by the record, and we therefore affirm on that basis, making it unnecessary to consider whether Figueroa was in fact qualified for the position.
 
 
 4
 * Figueroa's evidence indicated that he had worked in the income tax section of Southern California Gas's accounting department for seven years. He had an MBA in business taxation, but was not a CPA nor had he ever testified before the California Public Utilities Commission. He had begun with the company as a salary-level 8 senior accountant, and had progressed to a salary level 10. The position that he desired was a salary level 14. Defendants offered unrebutted testimony, including the official job description and affidavits as to company practice, that the normal zone of consideration for promotion from within the company involved persons at the target salary level, or one level below. Out of 77 candidates considered for comparable positions in the previous two years, only two candidates had been as much as two levels below the target position, and there was unrebutted evidence that there had never in the history of the company been a promotion to a position of this type from four levels below.
 
 
 5
 The candidate who was chosen, Wayne Hitt, a white male under the age of 40, was a CPA who had served in a comparable position with a competing utility, San Diego Gas and Electric, and had served as a tax witness before the CPUC. The uncontradicted testimony of the person who did the hiring, Curtis Feese, SCG's manager of taxes, showed that Feese was intimately familiar with the demands of the specific job and of the necessity for rate testimony. Indeed, for these very reasons he had determined not to select any one of three white males who were within the company, and who were already middle manager employees (level 13 or above). Feese had received specific permission from the corporate human resources department to conduct a search outside the company.
 
 II
 
 6
 Under these circumstances, even if the plaintiff was minimally qualified for the job, there is no genuine issue of material fact as to whether Southern California Gas has presented a legitimate non-discriminatory reason for choosing the candidate that it did. Under the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25 (1973), defendant has undoubtedly presented a legitimate, non-discriminatory reason for its selection: that Hitt was better qualified for the job. At this point, plaintiff must present "specific facts showing that there remains a genuine factual issue for trial." Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983) (internal quotation marks omitted). In particular, Steckl, a case involving the standard for summary judgment in employment discrimination cases that involve a claim of disparate treatment, held that "mere assertions [of] discriminatory motivation and intent were inadequate, without substantial factual evidence, to raise an issue precluding summary judgment." Id. The court need not agree that the legitimate non-discriminatory reason proffered was in fact a wise one, Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256-58, 101 S.Ct. 1089, 1095-96 (1981), although on the facts presented, there is little doubt that it was.
 
 
 7
 The burden thus shifts to the plaintiff to present evidence that the proffered reason was only a pretext for discrimination. Plaintiff has failed to provide any evidence raising a genuine issue of material fact on this point. In this case, the only possible evidence of pretext that plaintiff has presented cannot meet this standard. He has presented no comparative evidence of different treatment of comparably situated individuals outside the protected class. Plaintiff's only offer of direct evidence of discrimination, that Feese believed that plaintiff's previous performance rating had been slightly too high, does not support any inference of discrimination.
 
 
 8
 While both sides present statistical evidence as to the proportion of persons in various positions who were members of various minority groups, plaintiff makes no plausible argument as to how or why the actual numbers should have been or would have been different in the absence of discrimination.
 
 
 9
 In summary, as laid out in convincing detail in the district court's opinion, summary judgment was amply justified. Defendant presented legitimate, non-discriminatory reasons for not giving plaintiff the promotion, and plaintiff failed to raise a genuine issue of fact suggesting that these reasons were pretextual.
 
 
 10
 The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 3(f)
 
 
 **
 The Honorable Danny J. Boggs, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3