97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phill SANDERS, Jr., Plaintiff-Appellant,
v.
NABISCO BRANDS, INC. Defendant-Appellee.
 No. 95-35402.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1996.*
Decided Sept. 26, 1996.
 
 Before: ALDISERT**, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Phill Sanders Jr., appeals the district court's grant of summary judgment for Nabisco Brands, Inc. ("Nabisco") on his federal claims of race and sex discrimination under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-2 ("Title VII"), and his state law claim of outrageous conduct. We affirm on all counts.
 
 
 3
 We review de novo a district court's grant of summary judgment. Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994). We may affirm on any ground supported by the record. Salmeron v. United States, 724 F.2d 1357, 1364 (9th Cir.1983). Summary judgment should be granted if there is no genuine issue of any material fact. Fed.R.Civ.P. 56(c).
 
 
 4
 Sanders's contentions that the district court erred by granting summary judgment for Nabisco on his claims of race and sex discrimination lack merit. Evaluating a Title VII claim, whether on summary judgment, or at trial requires a three step analysis. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981); Wallis, 26 F.3d 885. The plaintiff must first present a prima facie case of discrimination thereby creating a presumption that the employer unlawfully discriminated. Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its action. The plaintiff is then required to raise a genuine issue of material fact regarding whether the employer's stated reason is merely a pretext for discrimination. Wallis, 26 F.3d at 890.
 
 
 5
 Assuming that Sanders established a prima facie case of discrimination, the burden shifted to Nabisco to produce evidence of a legitimate, non-discriminatory explanation for its treatment of Sanders in reference to the Bag-in-Box line. See Burdine, 450 U.S. at 257. Here, Nabisco met this burden by submitting evidence that Sanders would not fit into the required "team concept" and that Sanders's job performance was deficient. Sanders was required to respond with " 'specific, substantial evidence' " that Nabisco's explanation was a pretext for discrimination. See Wallis, 26 F.3d at 890 (quoting Steckl v. Mototola, Inc., 703 F.2d 392, 393 (9th Cir.1983)).
 
 
 6
 Upon a review of the record, we conclude that Sanders did not present such evidence and that the district court did not err in granting summary judgment on Sanders's claims of race and sex discrimination. See Wallis, 26 F.3d at 890; Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1412 (9th Cir.1987) (holding that where evidence is insufficient to raise a genuine issue of fact as to intentional discrimination under Title VII, it is also insufficient for purposes of a claim of intentional discrimination under § 1981).[1]
 
 
 7
 Sanders's contention that the district court erred in granting summary judgment for Nabisco on his state law claim of outrageous conduct also lacks merit. A claim for outrageous conduct under Oregon law requires: (1) that defendant intend severe emotional distress, (2) that defendant's acts actually cause plaintiff severe emotional distress; and (3) that defendant's acts involve an extraordinary transgression of the bounds of socially acceptable conduct. Sheets v. Knight, 779 P.2d 1000, 1010 (Or.1989).
 
 
 8
 The Oregon Supreme Court has recently clarified the outrageous conduct's intent requirement. McGanty v. Staudenraus, 901 P.2d 841, 852 (Or.1995). Regardless of whether a special relationship exists between plaintiff and defendant, the defendant must either wish to bring about the consequences of the act or know the consequences are substantially certain. Id. Here, Sanders has failed to raise a genuine issue of material fact regarding whether Nabisco intended to cause him severe emotional distress or whether Nabisco's acts involved an extraordinary transgression of the bounds of socially acceptable behavior. Thus the district court properly granted Nabisco's motion for summary judgment.
 
 
 9
 Each party shall bear its own costs on appeal.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's grant of summary judgment for Nabisco on the ground that Sanders did not present sufficient evidence of discriminatory motive, we need not reach the issue of whether proving a continuing violation circumvents the non-retroactivity of the 1991 amendments to section 1981 and Title VII
 
 
 [2]
 Because we do not rely on the deposition of Norm Fuller in reaching our disposition in this appeal, we deny Sander's motion to strike this deposition from the appellate record as moot