124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anne TRAVIS-BARKER, Plaintiff-Appellant,
v.
U.S. BANK OF WASHINGTON, NA, Defendant-Appellee.
 No. 96-35500.
 United States Court of Appeals, Ninth Circuit.
 Sept. 11, 1997.
 
 1
 Appeal from the United States District Court for the Western District of Washington, No. CV-95-00506-BJR; Barbara J. Rothstein, District Judge, Presiding.
 
 
 2
 Before WRIGHT and SCHROEDER, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 In 1993, U.S. Bank fired Travis-Barker, a senior supervisor in its Eastlake branch in Seattle, for alleged irregularities in her handling of her own account. She sued the Bank, alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Washington law. She appeals from the summary judgment and denial of her motions to compel discovery and for reconsideration. We affirm.
 
 
 5
 * Travis-Barker contends that the district court erred in granting summary judgment on her discrimination and retaliation claims. We review de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). To avoid summary judgment, the non-moving party must respond to an adequately supported motion by coming forward with specific facts showing a genuine issue of material fact. Fed.R.Civ.P. 56(e). It must do more than simply show that there is some "metaphysical doubt" as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). There is no genuine issue of material fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Id. at 587.
 
 
 6
 The allocation of the burdens of proof and production and the order of presentation in Title VII actions are well settled:
 
 
 7
 [A] plaintiff must first establish a prima facie case of discrimination.... [T]he burden then shifts to the defendant to articulate a legitimate non-discriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory.
 
 
 8
 Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994) (quoting Lowe v. City of Monrovia, 775 F.2d 998, 1005 (9th Cir.1985)). Washington courts apply the same framework. Grimwood v. University of Puget Sound, 753 P.2d 517, 520 (Wash.1988). "In response to the defendant's offer of nondiscriminatory reasons, the plaintiff must produce 'specific, substantial evidence of pretext.' " Wallis, 26 F.3d at 890 (quoting Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983)).
 
 
 9
 Even assuming that Travis-Barker established a prima facie case of discrimination or retaliation, summary judgment was proper. In support of its motion, the Bank introduced affidavits and bank records showing that Travis-Barker was suspended and ultimately terminated for a legitimate, nondiscriminatory reason: she was waiving overdraft fees on her own checking account in direct violation of bank policy. Other than her own conclusory statement that "this is a conspiracy based merely on rase [sic]," Travis-Barker offered no evidence that the Bank's articulated reason for her termination was a pretext for discrimination. The two documents she submitted, Donald Hoover's declaration (originally submitted by the Bank in support of its motion) and Cynthia Schneider's "witness statement," indicate that the Bank's proffered reason for terminating her was legitimate. Neither establishes a genuine issue of material fact as to pretext.
 
 II
 
 10
 Travis-Barker contends next that the district court erred in denying her motion to compel discovery. We review for abuse of discretion, Qualls v. Blue Cross, 22 F.3d 839, 844 (9th Cir.1994), and find none here. The record shows that during the 12 months preceding the discovery cut-off date, the Bank produced approximately 4,000 pages of documents, which Travis-Barker declined to review. Because she failed to avail herself of previous discovery opportunities, the district court did not abuse its discretion in denying her motion to compel additional discovery. Id.
 
 III
 
 11
 Finally, Travis-Barker asserts that the court erred in denying her motion to alter or amend the judgment or for reconsideration. We review for abuse of discretion. Barber v. State of Hawai'i, 42 F.3d 1185, 1198 (9th Cir.1994). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993).
 
 
 12
 Travis-Barker's motion satisfied none of these criteria. Even assuming that the declarations attached to her motion would cast doubt on the summary judgment, her failure to offer any reason why they were not obtained and offered earlier "precludes a finding that the district court abused its discretion in denying [her] motion[ ]." Barber, 42 F.3d at 1198. Further, as discussed above, the district court's initial decision was not clearly erroneous. Finally, there has been no change in intervening law. The district court did not abuse its discretion in denying the motion to reconsider.
 
 
 13
 AFFIRMED.
 
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3