132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lionel DELA ROSA, Plaintiff-Appellant,
v.
SCOTTSDALE MEMORIAL HEALTH SYSTEMS, INC., an Arizona
corporation; Michael Johnston, husband; Jane Doe Johnston,
wife; Todd Lyon, husband; Jane Doe Lyon, wife; John Does
I-X; Jane Does I-X, Defendants-Appellees.
 No. 96-17034.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1997.
Decided Dec. 2, 1997.
 
 Appeal from the United States District Court for the District of Arizona Roger G. Strand, District Judge, Presiding
 Before: CHOY, ALARCON, and T.G. NELSON, Circuit Judge.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lionel Dela Rosa appeals the district court's grant of summary judgment in favor of Scottsdale Memorial Health Systems, Inc., Michael Johnston, and Todd Lyon in Dela Rosa's action alleging federal claims of Title VII race discrimination, age discrimination, and retaliation, and several state law claims. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 MOTION TO EXCEED PAGE LIMITS
 
 3
 We review the district court's compliance with local rules for an abuse of discretion. Hinton v. NMI Pac. Enters., 5 F.3d 391, 394 (9th Cir.1993). The district court did not abuse its discretion in granting Dela Rosa only three additional pages for his reply to the appellees' summary judgment motion. There is nothing substantive in Dela Rosa's initial twenty-four page reply that was subsequently excised from his eighteen-page reply, as he simply changed the font in order to reduce the number of pages.
 
 SUMMARY JUDGMENT
 
 4
 We review a grant of summary judgment de novo. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), petition for cert. filed, 66 U.S.L.W. 3204 (U.S. Sept. 17, 1997)(No. 97-504). Summary judgment for the appellees on all of Dela Rosa's claims was appropriate.
 
 A. Hostile Racial Environment[1]
 
 5
 Our sexual harassment cases provide guidance for determining the required elements for an analogous racial harassment claim. The elements necessary to create a sexual harassment claim are contained in Steiner v. Showboat Operating Co., 25 F.3d 1459 (9th Cir.1994):
 
 
 6
 In order to survive Showboat's summary judgment motion, Steiner must show that there are genuine factual disputes as to (1) whether a reasonable woman would find that [her supervisor's] conduct was "sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment," and (2) whether Showboat, once apprised of [the supervisor's] behavior, failed to take adequate remedial and disciplinary action.
 
 
 7
 Id. at 1462-63 (quoting Ellison v. Brady, 924 F.2d 872, 879, 881-83 (9th Cir.1991)). Put another way, we have held that to prove the existence of a hostile work environment in the context of a sexual harassment claim, the employee must show that "1) she was subjected to verbal or physical conduct of a sexual nature, 2) this conduct was unwelcome, and 3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir.1995)(quotation and citations omitted). By substituting "racial" at the appropriate places, these cases adequately describe the elements necessary to create an analogous racial harassment claim.
 
 
 8
 The problem with Dela Rosa's racial harassment claim is that almost all of the incidents he cites as creating a hostile work environment were not racial in nature. The only incident that was racially charged by its very nature was the telling of the racial joke.[2] The other incidents were not racial in nature and Dela Rosa has offered no evidence that any other incident was motivated by racial animus.
 
 B. Disparate Treatment
 
 9
 Dela Rosa alleges that he was discriminated against on the basis of either his race or his age. The required elements to make out a prima facie case on either claim are substantially the same. For race discrimination claims, the elements are taken from the Supreme Court's opinion in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), and consist of the following:
 
 
 10
 1. that the plaintiff belongs to a class protected by Title VII;
 
 
 11
 2. that the plaintiff applied and was qualified for a job for which the employer was seeking applicants;
 
 
 12
 3. that, despite being qualified, the plaintiff was rejected [the "adverse employment action"]; and
 
 
 13
 4. that, after the plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of comparable qualifications.
 
 
 14
 Lowe v. City of Monrovia, 775 F.2d 998, 1005 (9th Cir.1985)(citing McDonnell Douglas Corp., 411 U.S. at 802). For age discrimination claims, the employee, to establish a prima facie case, must show that he:
 
 
 15
 (1) was a member of the protected class [40-70]; (2) was performing his job in a satisfactory manner; (3) was discharged [or subject to an "adverse employment action"]; and (4) was replaced by a substantially younger employee with equal or inferior qualifications.
 
 
 16
 Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir.1990).
 
 
 17
 We will assume, without deciding, that Dela Rosa has made out a prima facie case for disparate treatment.[3] As a result, Dela Rosa has raised a presumption of discrimination by the employer. Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577 (1978). The burden then shifts to the employer to "rebut the presumption of discrimination by articulating a nondiscriminatory reason" for issuing the poor performance evaluation. Lowe, 775 F.2d at 1007. The employer need only "set forth a legally sufficient explanation" for the poor evaluation. Id. See also Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994)(discussing same standard in age discrimination case).
 
 
 18
 In this case, the appellees sufficiently rebut the presumption of discrimination with evidence demonstrating that Dela Rosa was not performing certain aspects of his job satisfactorily, particularly with regard to his interpersonal skills.
 
 
 19
 After the employer has rebutted the presumption of discrimination, the burden shifts back to the employee, who can only defeat summary judgment by raising a genuine factual question as to whether "the proffered justification is merely a pretext for discrimination." Furnco, 438 U.S. at 578. See also Lowe, 775 F.2d at 1008 (the rebuttal "shift[s] the burden back to the plaintiff to raise a genuine factual question as to whether the proffered reason is pretextual"). In order to satisfy this burden, "the plaintiff need not necessarily offer evidence beyond that offered to establish a prima facie case." Lowe, 775 F.2d at 1008.
 
 
 20
 Dela Rosa cannot merely rely on bare allegations of discrimination to survive summary judgment. The question before us is whether "a rational trier of fact could, on all the evidence, find that the employer's action was taken for impermissibly discriminatory reasons." Wallis, 6 F.3d at 889. "In response to the defendant's offer of nondiscriminatory reasons, the plaintiff must produce 'specific, substantial evidence of pretext.' " Id. at 890 (quoting Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983))(emphasis added). Evidence of pretext can be offered either directly or indirectly. Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991). Dela Rosa does neither.
 
 
 21
 Dela Rosa baldly asserts that it is "suspicious at best" and "absurd" to believe that Johnston's response to the harassing incidents was not motivated by a discriminatory intent (Appellant's Opening Br. at 22). However, Dela Rosa needs to prove that the poor employment evaluation (the only employment decision that could qualify as an adverse action) was the product of a discriminatory intent. Dela Rosa's extensive argument that he was technically proficient at his job does not help him satisfy this burden since the appellees have never disputed Dela Rosa's technical proficiency and all of the relevant evidence indicates that Johnston himself never doubted this fact.[4] Dela Rosa's bare assertion that he was singled out for blame in the harassing incidents that resulted in the tense work environment falls flat in the face of the hospital's evidence that all employees were repeatedly warned that such conduct was not acceptable. Johnston's identification of Dela Rosa's need to improve his relationships with coworkers and others did not first arise in the allegedly poor performance evaluation. Even before his transfer to the North Hospital, his previous supervisor had identified "communication skills" and "relationships with others" as areas where Dela Rosa's performance needed improvement.
 
 
 22
 Dela Rosa cannot survive summary judgment by challenging the credibility of Johnston or the hospital's other witnesses without offering substantial factual evidence of a discriminatory motivation. Lindahl, 930 F.2d at 1437-38; Steckl, 703 F.2d at 393. As in Wallis, Dela Rosa "has simply showed that an adverse employment decision was made under conditions that permitted him to invoke a McDonnell Douglas type of presumption of unlawful discrimination. That evidence ... is not enough now that [the Hospital] has offered a nondiscriminatory explanation, and nothing in [Dela Rosa's] evidence controverts it." Wallis, 26 F.3d at 892.
 
 C. Retaliation
 
 23
 "In a retaliation case, the burden shifting scheme is much the same as that in an age discrimination case." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 919 (9th Cir.1996) (citation omitted), cert. denied, No. 97-364, 1997 WL 561754 (U.S. Nov. 3, 1997). Proof of a prima facie case of unlawful retaliation requires Dela Rosa to provide evidence that:
 
 
 24
 (1) he was engaged in a protected activity;
 
 
 25
 (2) he was thereafter subjected by his employer to an adverse employment action; and
 
 
 26
 (3) a causal link exists between the protected activity and the adverse employment action.
 
 
 27
 Wallis, 26 F.3d at 891.
 
 
 28
 The problem with Dela Rosa's retaliation claim arises in his proof of the third element of the prima facie case. Johnston prepared the allegedly proof performance evaluation on June 25, 1993. Dela Rosa filed his EEOC charges on June 30, 1993. Because the protected activity did not occur until after the adverse employment action, the retaliation claim fails and summary judgment for the appellees was appropriate.[5]
 
 D. The State Claims
 
 29
 Summary judgment for the appellees was also appropriate on Dela Rosa's state claims. As we concluded above, Dela Rosa has failed to provide evidence that he was subject to unlawful discrimination or an environment of racial harassment, that any of the appellees acted with a discriminatory intent, or that the hospital's remedial response to Dela Rosa' complaints was inadequate or pretextual to a discriminatory motivation. Because all of Dela Rosa's state claims require evidence of one or more of these elements, the district court properly concluded that none of them survive summary judgment.
 
 
 30
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A liberal construction of Dela Rosa's complaint would divide his Title VII discrimination claims into separate claims of a hostile working environment and disparate treatment. Because the district court and the parties divide them this way, we will follow the same structure in this memorandum disposition
 
 
 [2]
 On appeal, Dela Rosa points to a second racial incident where Johnston allegedly referred to the dialysis department as the "land of white supremacy," citing a single page from Dela Rosa's deposition (Appellant's Opening Br. at 15). We have reviewed the entire district court record, and it is clear that this evidence was not submitted to the district for its review of the appellees' summary judgment motion. Because this evidence was not considered by the district court, we will not consider it on appeal
 
 
 [3]
 It is questionable whether a negative performance evaluation, standing alone, constitutes an adverse employment action. See Steiner, 25 F.3d at 1465
 
 
 [4]
 In the summary letter accompanying the allegedly poor employment evaluation, Johnston wrote:
 Overall the quality and quantity of work you have performed has been solid and reliable. You have continuously demonstrated you possess an excellent knowledge and equipment background. You have also demonstrated very good time management.
 The only reasonable interpretation of this summary is that Johnston believed that Dela Rosa was technically proficient, even skilled, in the performance of his duties.
 
 
 [5]
 We will not consider Dela Rosa's untimely argument that the internal grievance he filed with the hospital on June 1, 1993, constitutes the protected activity. This theory is new on appeal, is not contained in Dela Rosa's complaint, and was not raised before the district court