Rachel V. SANTOS, Plaintiff–Appellant,

v.

William T. HENDERSON, in his Official Capacity as Postmaster General, Chief Executive Officer, United States Postal Service, Defendant–Appellee.

No. 99–56904.

D.C. No. CV–95–01678–TJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2001.

Decided May 3, 2001.

Before KOZINSKI and TALLMAN, Circuit Judges, and WINMILL, Chief District Judge.*

MEMORANDUM **

1. *EEOC Rulings*

Santos seeks enforcement of administrative decisions that order USPS to reasonably accommodate her. Those decisions, however, did not address the suitability of USPS's offers in 1994 or 1995. Thus, there was no decision to preclude the dis-

* The Honorable B. Lynn Winmill, Chief United States District Judge for the District of Idaho, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

trict court from ordering summary judgment for USPS.

2. *Reasonable Accommodation*

To be entitled to summary judgment on the reasonable accommodation issue, the USPS must, first, have acted in good faith during the interactive process in which the parties are to identify a reasonable accommodation. Second, USPS must have given due consideration to Santos's preference of accommodations. Third, there must be no genuine dispute that the offered accommodation was actually reasonable. *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114–16 (9th Cir.2000) (en banc), *cert. granted,* —— U.S. ——, 121 S.Ct. 1600, 149 L.Ed.2d 467 (2001).

Even before the 1994 EEOC order, USPS was clearly making a good faith attempt at pursuing the interactive process we described in *Barnett.* USPS consulted Dr. Fineman's reports to identify specific individuals who posed barriers to the provision of an equal employment opportunity for Santos. USPS identified the specific limitations Santos's disability imposed upon her. USPS also solicited and obtained information about Santos's preferences as to jobs and locations to identify potential reasonable accommodations.[1] Finally, USPS offered Santos a position in Beverly Hills as a customer services supervisor, a position which matched the preferences Santos had expressed as to a specific job and as to a specific location. The result was the offer of a position designed to allow Santos to perform in a position that provided her an employment opportunity equal to that of the supervisory position she held before.[2]

1. USPS attempted to confer directly with Santos before making a job offer but Santos expressed no interest in such a conference.

2. If anything, it appears that Santos may have acted in bad faith during the interactive process. She twice rejected offers to communi-

The evidence supports a finding that USPS gave due consideration to Santos's preference, and that their offer was reasonable. In *Barnett,* we stated that the employee's preference "shall be given primary consideration *unless* another effective accommodation exists that would provide a meaningful equal employment opportunity." 228 F.3d at 1114 (quoting S.Rep. No. 101–116, at 35 (1989)) (emphasis added). Santos never argues that the Beverly Hills position was somehow inferior to the Norwalk position. Santos merely declares the former position "unsuitable" and then argues that USPS discriminated against her by failing to select her for the Norwalk position. There is no evidence to support this conclusion. Here, both positions were supervisory in nature, and USPS made every effort to accommodate appellant's Protean demands.

### 3. *Retaliation Claim*

USPS explains that "Postmaster Dolan sought someone in 1993 who had extensive current experience running a letter carrier unit," experience that appellant did not have. To survive summary judgment, appellant must provide specific, substantial evidence from which a reasonable jury could infer that this reason was pretextual. *Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir.1983). As evidence of pretext, Santos asserts that she was as qualified, if not more qualified for the position than the successful candidate. But the successful applicant, at the time USPS selected her, had been serving as an acting supervisor for nearly three years in the position, whereas Santos had only eight months of

similar experience over eight years earlier. Because appellant has not presented specific, substantial evidence of pretext, summary judgment in favor of USPS is appropriate.

AFFIRMED.

---

cate in person with USPS representatives. She failed to provide USPS the names of twenty-three individuals with whom she could not work. Finally, Santos added new or more detailed demands to her list of requirements each time USPS sought to address her concerns.

