**Emmett B. CHAMBERS,**
**Plaintiff—Appellant,**

v.

**John E. POTTER,\* Postmaster General**
**of the United States, Defendant—**
**Appellee.**

**No. 01–55669.**
**D.C. No. CV–99–12891–CRM.**

United States Court of Appeals,
Ninth Circuit.

sor, William Henderson, as Postmaster Gen-

Submitted March 4, 2002 **.

Decided May 10, 2002.

Before BROWNING, THOMAS and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Emmett Chambers appeals the district court's grant of the Postmaster General's motion for summary judgment. Chambers failed to raise a material question of fact regarding whether he was a qualified individual with a handicap,[1] and whether certain employment actions were taken because of his race and/or alleged disability. Chambers also failed to raise a material question of fact regarding the employer's proffered reasons for taking the allegedly retaliatory actions and the lack of a causal connection between the protected activity and the alleged retaliatory action. Chambers' conclusory allegations of discrimination and retaliation are insufficient to defeat summary judgment.

eral. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Chambers' additional argument that the Postmaster failed to engage in an interactive process to identify a reasonable accommodation also fails. An agency's requirement to accommodate only applies to qualified individuals. 29 C.F.R. § 1614.203(c). Moreover, the interactive process is triggered only when the employee has specifically requested an accommodation or when the employee meets

*Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir.1983).

AFFIRMED.

the exception articulated in *Barnett*. *See Brown v. Lucky Stores,* 246 F.3d 1182, 1188 (9th Cir.2001). In *Barnett*, we held that the exception to the general rule that the employee must request an accommodation applies only when the employer "knows, or has reason to know, that the disability prevents the employee from requesting a reasonable accommodation." *Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1112 (9th Cir.2000) (citation omitted). The record does not show that Chambers was unable to request a reasonable accommodation, or that the Postal Service knew or had reason to know that Chambers had a disability preventing him from making such a request. *See Brown,* 246 F.3d at 1188.