**Gwenevere Dale WOODS,
Plaintiff—Appellant,**

**v.**

**CHUBB & SON, a Division of Federal
Insurance Company; Jane Ross, an
individual, Defendants—Appellees.**

No. 04–55086.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Dec. 1, 2005.

Toni J. Jaramilla, Esq., May Mallari, Esq., Law Offices of Toni J. Jaramilla, Los Angeles, CA, for Plaintiff—Appellant.

Daniel T. Ho, Esq., Seyfarth Shaw, Los Angeles, CA, for Defendants—Appellees.

Before: BRIGHT,* B. FLETCHER, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Plaintiff Gwenevere Dale Woods appeals the district court's grant of summary judgment to Defendants Jane Ross, her former supervisor, and Chubb & Sons, her former employer, on her claims of hostile work environment sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.*, and assorted state law claims.

Woods' claims arise out of a business dinner attended by Ross, an attorney with Bonne, Bridges, Mueller, O'Keefe & Nichols,[1] Woods, and several others. The unprofessional conduct of this attorney at the dinner caused Woods to complain of sexual harassment, precipitating an investigation into the incident by Chubb. Woods' vigorous pursuit of a large settlement with Bonne Bridges raised a question as to whether she was inappropriately leveraging her employment at Chubb for personal gain in violation of Chubb's conflict of interest policy. Specifically, Woods and her attorney drafted an email to Chubb, describing the dinner in question, and requesting that Chubb sever its business relationship with Bonne Bridges due to the firm's failure to understand the gravity of the offense. Instead of sending it to Chubb, however, Woods' attorney sent the email to the partner at Bonne Bridges with whom he had been negotiating a settlement. The partner at Bonne Bridges made Chubb aware of the email, and stated that Woods' attorney requested that he "re-think" his refusal to accede to Woods' settlement demands in light of the letter. Woods was terminated for violating Chubb's conflict of interest policy, which instructs employees to avoid situations which create, or appear to create, conflicts between the interests of the employee and those of the company.

To be liable for the conduct of a non-employee, Chubb would have to ratify or acquiesce in the conduct. *Folkerson v. Circus Circus Enters.*, 107 F.3d 754, 756 (9th Cir.1997). Chubb did not ratify or acquiesce in the offending conduct, and Woods fails to raise a material question of fact to suggest otherwise. The mere presence of Ross at the dinner did not amount to ratification or acquiescence. Nor has Woods presented "specific, substantial evidence" that Chubb's proffered justification for her termination—the violation of Chubb's conflict of interest policy—was in fact pretextual. *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir.1983). Her derivative state law claims, accordingly, cannot survive.

The judgment of the district court is AFFIRMED.

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Chubb had a business relationship with Bonne Bridges.