**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARILYN JOHNSON, | No.    16-15795 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01104-JCM-GWF |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1107, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 10, 2017**
San Francisco, California

Before:  O'SCANNLAIN, TASHIMA, and BYBEE, Circuit Judges.

Marilyn Johnson appeals from the district court's decision granting Service

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Employees International Union Local 1107's motion for summary judgment. The facts are known to the parties and will not be repeated here unless necessary.

I

Johnson claims that her employer, SEIU Local 1107, racially discriminated against her in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e–2(a)(1). On appeal, Johnson invokes the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*. 411 U.S. 792 (1973). Under this framework, Johnson "must first establish a prima facie case of employment discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010) (quoting *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007)). If Johnson establishes a prima facie case, "[t]he burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Id.* (quoting *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000)). If a legitimate, nondiscriminatory reason is proffered, Johnson "must then raise a triable issue of material fact as to whether the defendant's proffered reasons . . . are mere pretext for unlawful discrimination." *Id.*

## II

The district court determined that Johnson did not establish a prima facie case of racial discrimination because she identified no similarly-situated individuals. But even were Johnson to establish a prima facie case with respect to all alleged instances of racial discrimination—which we assume without deciding—Johnson fails to proffer evidence that "a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1126–27 (9th Cir. 2009) (quoting *Chuang*, 225 F.3d at 1124). Johnson does not put forth any evidence of pretext—let alone "specific, substantial evidence"—in response to Local 1107's assertion that it fired Johnson for being dishonest. *Hawn*, 615 F.3d at 1158 (quoting *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). Nor does she offer any evidence of pretext with respect to her reassignment to a "floater" position. Indeed, Local 1107 had reassigned her because, as she acknowledged, "being a floater requires a variety of skills[.]"

Thus, we affirm on the alternative ground that Johnson does not "raise a genuine factual question whether, viewing the evidence in the light most favorable to [her], [Local 1107's] reasons are pretextual." *Chuang*, 225 F.3d at 1126.

## III

The judgment of the district court is **AFFIRMED**.