**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM C. DISS, | No. 16-36067 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01649-PK |
| v. | |
| PORTLAND PUBLIC SCHOOLS, a public entity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak II, Magistrate Judge, Presiding

Argued and Submitted May 9, 2018
Portland, Oregon

Before: RAWLINSON and CHRISTEN, Circuit Judges, and GARBIS,[**] District Judge.

After William C. Diss ("Diss" or "Appellant") was terminated from his teaching position at Portland Public Schools, he alleged that there were improper pretextual reasons for his termination, including discrimination against his Catholic

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation.

beliefs and his pro-life activities. Appellees contended that he was terminated for denigrating students, being disrespectful to colleagues, and refusing to follow directives. The lower court granted summary judgment for Appellees.

We have jurisdiction under 28 U.S.C. § 1291, and review de novo. *Or. Paralyzed Veterans of Am. v. Regal Cinemas, Inc.*, 339 F.3d 1126, 1130 (9th Cir. 2003). We affirm.

The key issue underlying all of Appellant's claims is the motivation for his termination. There is no genuine dispute that Appellant was terminated for his inappropriate and inflammatory behavior toward students and other staff; we find a lack of specific and substantial evidence showing that the termination was for improper pretextual reasons.

Regarding Appellant's free speech claim, we agree with the lower court's decision under *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205*, 391 U.S. 563 (1968). Any restriction placed on Appellant's speech activities within the school reaches only speech within the scope of his official duties as a teacher or involves staff disputes that are not matters of public concern. These restrictions cannot form the basis of a First Amendment retaliation claim. *See Eng v. Cooley*, 552 F.3d 1062, 1070-72 (9th Cir. 2009). The limited restrictions placed on his outside activities, i.e., requests for Diss to refrain from associating the school with his political or religious views, are supported by adequate justifications in the record

under the *Pickering* balancing test.  *See id.* at 1071.  Regarding his free association and free exercise claims, Appellant has failed to show that any protected association "was a 'substantial' or 'motivating' factor" for the termination, *Strahan v. Kirkland*, 287 F.3d 821, 825 (9th Cir. 2002), or that the requirement for him to facilitate the Teen Outreach Program ("TOP") presentation was not a neutral or generally applicable directive, *see Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1075-76 (9th Cir. 2015).

Regarding his Fourteenth Amendment claim, the record shows that Appellant has failed to create a genuine dispute regarding whether he faced intentional discrimination on the basis of his religion.  *See Fed. Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991).   Appellees' knowledge of Diss's religious beliefs and his association with anti-abortion groups prior to termination is insufficient by itself to show discriminatory intent.  *See Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) ("'Discriminatory purpose,' . . . . implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.") (citations omitted).

Regarding Appellant's state and federal statutory claims, the record reflects that there was a legitimate basis to terminate Appellant based on his prior record of demeaning actions toward students and staff.  Because Appellees can make this

showing under the burden-shifting framework, Appellant "must then raise a triable issue of material fact as to whether the [employer's] proffered reason[] for [his] termination[] [is] mere pretext for unlawful discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). This requires "specific, substantial evidence of pretext" to defeat an employer's motion for summary judgment. *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983). Appellant falls short of this standard.

Finally, regarding Appellant's failure-to-accommodate theory, Appellant has not created a genuine dispute of fact about whether he was terminated for his refusal to allow TOP presentations in the classroom, as opposed to being terminated for his demeaning conduct and insubordination. *See Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004).

Accordingly, the judgment of the lower court is **AFFIRMED**.