**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARISTIDE H. NOUCHET, | No.    18-15096 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00712-GMN-CWH |
| v. | |
| MANDALAY CORPORATION, DBA Mandalay Bay Resort and Casino, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Aristide H. Nouchet appeals pro se from the district court's summary

judgment in his employment action alleging violations of Title VII.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Manatt v. Bank of Am.,*

*NA*, 339 F.3d 792, 796 (9th Cir. 2003).  We may affirm on any basis supported by

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

The district court properly granted summary judgment on Nouchet's Title VII race discrimination claim because Nouchet failed to raise a genuine dispute of material fact as to whether defendant's legitimate, nondiscriminatory reasons for disciplining him were pretextual.  *See Chuang v. Univ. of Cal. Davis Bd. of Trs.*, 225 F.3d 1115, 1123-24 (9th Cir. 2000) (setting forth the elements of a Title VII discrimination claim and the burden-shifting framework); *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983) (plaintiff must present "specific, substantial evidence of pretext").

Summary judgment on Nouchet's Title VII retaliation claim was proper because Nouchet failed to raise a genuine dispute of material fact as to whether defendant's legitimate, nondiscriminatory reasons for disciplining him were pretextual.  *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008) (setting forth elements of a Title VII retaliation claim).

The district court properly granted summary judgment on Nouchet's Title VII hostile work environment claim because Nouchet failed to raise a genuine dispute of material fact as to whether any alleged conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment.  *See Manatt*, 339 F.3d at 798 (elements of a prima facie case of

2                                                                                          18-15096

hostile work environment based on race under Title VII).

We do not consider matters not specifically and distinctly raised in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Defendant's motion to strike exhibits not presented to the district court, as set forth in its answering brief, is denied as unnecessary.

**AFFIRMED.**