**Sandy LEENY, Plaintiff–Appellant,**

v.

**CLARK COUNTY, a political subdivision of the State of Nevada, Defendant–Appellee.**

**Nos. 00–15291, 00–16548.**
**D.C. No. CV–97–01458–LDG.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Decided Oct. 24, 2001.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Before GOODWIN, HUG and THOMAS, Circuit Judges.

### MEMORANDUM *

Sandy Leeny appeals the district court's order granting summary judgment and awarding Clark County attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k). We affirm the grant of summary judgment, but reverse the order granting attorney's

fees. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

The district court did not err in granting summary judgment on Leeny's disparate treatment and retaliation claims. Both claims are analyzed under the Supreme Court's familiar three-step burden-shifting approach. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this approach, Leeny must first establish a prima facie case of discrimination. *Id.* If she succeeds, the burden then shifts to Clark County to articulate a legitimate, non-discriminatory reason for the challenged actions. *Id.* Then, in order to prevail, Leeny must show that the reason advanced by Clark County is a pretext for a discriminatory motive. *Id.*

Assuming, arguendo, that Leeny has established a prima facie case of disparate treatment and retaliation, we agree with the district court, for the reasons set forth in its opinion, that Clark County met its burden of articulating legitimate, non-discriminatory reasons for the challenged employment actions. Thus, the question is whether Leeny has met her burden to establish that the proffered reasons were pretextual. To create a triable issue, at the pretext stage, Leeny must present either some direct evidence of discriminatory motive or "specific" and "substantial" indirect evidence of pretext. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221–22 (9th Cir.1998).

■ In this case, Leeny admitted that she had no evidence that any of her supervisors were motivated by improper discriminatory animus. Indeed, she testified

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that she was not accusing any of her supervisors of discrimination based on age or national origin. Leeny did not proffer any additional direct evidence that the alleged adverse employment actions were taken because of race or age discrimination, or in retaliation for her filing of a discrimination complaint with the Nevada Equal Rights Commission. Mere assertions that an employer had discriminatory intent are insufficient to raise a genuine issue of material fact as to discriminatory intent. *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983).

Leeny contends that the circumstantial evidence that she was subject to increased management scrutiny is sufficient to meet her burden of proving pretext. However, to withstand summary judgment, plaintiffs must do more than make a prima face case based on a bare minimum of circumstantial evidence giving rise to an inference of discrimination. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir.1994).

Leeny also contends that Clark County's reversal of a disciplinary action and inconsistent application of disciplinary actions demonstrate that its proffered explanation is suspect, and therefore sufficiently indicative of intentional discrimination to allow her case to be presented to a jury. *Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). However, even though Clark County retracted one of Leeny's suspensions and chose not to discipline all potentially culpable employees in precisely the same manner, it never retreated from its factual assertions underlying the suspension. Because the record persuasively reveals "some other, nondiscriminatory reason for the employer's decision," and "the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no

discrimination had occurred," the alleged aberrations in some of the disciplinary actions taken by Clark County are not sufficient to raise a genuine issue of material fact sufficient to avoid summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

In short, the evidence Leeny tendered to establish her prima facie case is not sufficiently strong to avoid judgment as a matter of law, *see id.* at 148–49, and a careful review of the record fails to disclose any additional evidence which would be sufficient to raise a genuine issue of material fact as to pretext. Thus, she failed to sustain her burden to establish pretext, and summary judgment was properly granted.

## II

Because Leeny did not raise any arguments in her opening brief on appeal concerning the district court's grant of summary judgment on her hostile work environment theory and her Nevada state law discrimination claims, she has waived appeal of those claims. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.").

## III

■ Although we agree with the district court that summary judgment was appropriate, Leeny's claims were not so unfounded or unreasonable as to justify an award of attorneys' fees to a prevailing defendant employer under Title VII. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420–22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (holding that attorneys' fees

may be awarded to prevailing defendant employers under Title VII only for actions that are frivolous, unreasonable, without foundation, or brought in bad faith). Thus, we reverse the district court's order granting Clark County an award of attorneys' fees.

AFFIRMED IN PART; REVERSED IN PART

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this Circuit except as may be provided by Ninth Circuit Rule 36–3.