**Marilyn A. ROBINSON,**
**Plaintiff–Appellant,**

v.

**Spencer ABRAHAM, Secretary Department of Energy dba: Bonneville Power Administration, Defendant–Appellee.**

No. 02–35894.

United States Court of Appeals,
Ninth Circuit.

Argued Nov. 7, 2003.

Decided Oct. 14, 2004.

Submitted Oct. 14, 2004.

William F. Hoelscher, Esq., Hoelscher & Associates, Tigard, OR, for Plaintiff–Appellant.

Ronald K. Silver, AUSA, Mark O. Hatfield U.S. Courthouse, Portland, OR, for Defendant–Appellee.

Before: GOODWIN, ALARCON, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Plaintiff Marilyn Robinson has worked for the Bonneville Power Administration ("BPA"), a federal agency within the Department of Energy, since 1986. She was promoted to her current GS–12 level position after prevailing in a 1996 Title VII action. In 1999, Robinson applied for and was denied promotion to a GS–13 Education Coordinator position.

Robinson brought a second Title VII action, alleging that 1) she was refused promotion because of her race and color; 2) the BPA retaliated against Robinson for her previous lawsuit; and 3) the BPA established a "glass ceiling" policy that disparately impacted minority women. On July 8, 2002, the district court granted defendant BPA's motion for summary judgment and Robinson filed a timely appeal. We affirm in part and reverse in part, and remand to the district court to proceed to trial on the merits of two of Robinson's claims.

Summary judgment is generally inappropriate in Title VII cases where a plaintiff has established a *prima facie* case because intentional discrimination is an "elusive factual question." *Yartzoff v. Thomas,* 809 F.2d 1371, 1377 (9th Cir.1987) (citation omitted). However, the "mere existence of a *prima facie* case … does not preclude summary judgment." *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 890 (9th Cir.1994). In order to counter evidence that the defendant's employment decision was nondiscriminatory, the plaintiff must produce "specific, substantial evidence of pretext." *Id.* (quoting *Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir.1983)).

The district court held that Robinson had established a *prima facie* case by showing that she was a member of a protected minority, that she was qualified for the position of Educational Coordinator, and that another candidate was selected. The BPA does not contest this holding.

## A. Disparate Treatment and Retaliation Claims

We turn to Robinson's evidence on her allegations of disparate treatment and retaliation. Robinson asserted that she was the only candidate of the seven finalist candidates for the position with a bachelor's degree in Education, an Oregon Teaching Certificate, and prior education experience. This assertion is not denied.

Although the panel of three technical specialists which scored and ranked the final seven candidates placed Robinson fourth in the field, the BPA presented no objective evidence that the panel's conclusions were made on the basis of "legitimate, nondiscriminatory reason[s]" instead of race and color. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 255, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

The BPA provided the court with the panel's list of candidates in score order and the panel's notes on the candidates. However, the ratings sheets contain only subjective notations, which "are particularly susceptible of abuse and more likely to mask pretext." *Liu v. Amway Corp.,* 347 F.3d 1125, 1136–37 (9th Cir.2003) (citations omitted).

Robinson also points to evidence that the person ultimately hired into the Education Coordinator position, Phyllis Evans, had been temporarily appointed to the Education Coordinator position prior to the promotion selection process and was serving in the temporary assignment when awarded the permanent position. Under the BPA's Merit Promotion Plan, 120–day

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

or shorter temporary appointments may be made without opening the position to a competitive process. Evans was temporarily promoted to the GS–13 level for 120 days, between February 28 and June 28, 1999. She was then returned to GS–12 status but continued to cover the Education Coordinator duties until she was permanently appointed to the post in November. Continuing with duties after a temporary appointment is not a part of the procedure outlined in the Merit Promotion Plan. Because this running start gave Evans an advantage when the promotion selection process began, it raises a genuine question of material fact regarding whether the BPA's reason for not selecting Robinson was pretextual. *See Lyons v. England,* 307 F.3d 1092, 1101–02, 1115–16 (9th Cir.2002) (recognizing that failure to adhere to standard procedures may be evidence of pretext). The fact that the vacancy announcement for the Education Coordinator position was issued one month after Evans completed the 120–day appointment bolsters Robinson's claim of pretext.

Finally, the selecting supervisor elicited a reference from Robinson's past supervisor, who testified against her in the previous trial, rather than from Robinson's current supervisor, who had evaluated her performance more favorably. This showing is sufficient to raise a material issue of fact on Robinson's retaliation claim. *Compare Passantino v. Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 506 (9th Cir.2000) (recognizing that dissemination of a negative performance rating may support a retaliation claim). The foregoing discussion of evidence reveals enough to proceed to trial on Robinson's disparate treatment and retaliation claims. A genuine issue of material fact regarding the reasons behind the BPA's employment decision made the summary judgment inappropriate. *See Lyons,* 307 F.3d at 1116.

We express no opinion on whether the BPA's proffered reasons for hiring Evans were pretextual. That question can be addressed at trial.

## B. Disparate Impact Claim

We affirm the summary judgment on Robinson's disparate impact claim. Robinson failed to establish a *prima facie* case of disparate impact. She alleges, generally, that the BPA "manipulated" the federal promotional selection program and affirmative action policies to create a "glass ceiling" blocking minority women from promotion. Robinson's assertion was not supported by relevant facts.

**AFFIRMED IN PART AND REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS ON THE CLAIMS OF DISPARATE TREATMENT AND RETALIATION. NEITHER PARTY TO RECOVER COSTS ON THIS APPEAL.**