**Donna Rayon TERRELL,**
**Plaintiff—Appellant,**

v.

**CONTRA COSTA COUNTY; Keith Richter, in his official and individual capacity, Defendants—Appellees.**

No. 04–17228.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Submission withdrawn Nov. 20, 2006.

Resubmitted April 11, 2007.

Filed April 16, 2007.

Pamela Y. Price, Esq., Price and Associates, Oakland, CA, for Plaintiff–Appellant.

Janet L. Holmes, Office of County Counsel, Martinez, CA, for Defendants–Appellees.

Before: HUG and McKEOWN, Circuit Judges, and MOSKOWITZ *, District Judge.

## MEMORANDUM **

Donna Rayon–Terrell ("Terrell") appeals the district court's order granting summary judgment in favor of Contra Costa County and County Fire Chief Keith Richter (collectively "Appellees"). Terrell, a female African–American firefighter, alleges that from 1989 to 2002, Appellees subjected her to a hostile work environment at four different fire stations because of her race and sex, in violation of 42 U.S.C. § 1981, Title VII, and the California Fair Employment and Housing Act ("FEHA"). She also alleges that Appellees refused to consider her application for a position as Fire Inspector in 2001 because of her race, and asserts a disparate treatment claim pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, and FEHA. The district court found Terrell's evidence insufficient to survive a motion for summary judgment for both claims. We reverse in part and affirm in part.

We review a district court's grant of summary judgment de novo, *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004), and determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir.2004).

### Hostile Work Environment

To prevail on a hostile work environment claim, Terrell must establish a "pattern of ongoing and persistent harassment severe enough to alter the conditions of employment." *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 871 (9th Cir.2001) (citing *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1108 (9th Cir.1998)). Terrell must prove that her workplace was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Id.* at 871–72 (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998)). She must also prove that "any harassment took place 'because of sex [or race].'" *Id.* at 872 (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)).

■ After reviewing the evidence in the light most favorable to the non-moving party, Terrell's hostile work environment evidence raises a genuine issue of material fact that she was subject to a pattern of ongoing and persistent harassment severe enough to alter the conditions of her employment. We reverse the district court's order granting summary judgment for Appellees based on the hostile work environment claim and remand for trial.

### Disparate Treatment

Terrell appeals the grant of summary judgment against her disparate treatment claim based on the rejection of her applica-

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion for the position of Fire Inspector. To survive summary judgment, Terrell must establish a prima facie case for disparate treatment. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Once she establishes a prima facie case, the burden shifts to Appellees "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* If Appellees carry this burden of production, Terrell must then produce "specific, substantial evidence of pretext" to survive summary judgment. *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 890 (9th Cir.1994) (quoting *Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir.1983)). "[A] plaintiff can prove pretext (1) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Raad v. Fairbanks North Star Borough School Dist.,* 323 F.3d 1185, 1194 (9th Cir.2003) (citation and quotations omitted); *see Texas Dept' of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).[1]

Terrell establishes a prima facie case for disparate treatment. Both she and Kaeli Lepkowsky, a Caucasian applicant, lacked the required "successful completion of the California Peace Officers' Standards and Training Certified Penal Code 832 Module A Training Program" ("POST PC 832"). However, Appellees hired Lepkowsky for the position while rejecting Terrell.

■ Appellees' "legitimate, nondiscriminatory reason" for rejecting Terrell is that Lepkowsky possessed a certification in Basic Police Academy I that covered everything taught in POST PC 832 training. Terrell does not dispute this. However, Terrell fails to produce any specific, substantial evidence of pretext for the POST PC 832 requirement. Therefore, Terrell fails to meet her burden to survive summary judgment on a disparate treatment claim and the district court order is affirmed.

### *"New" Evidence in Reply Brief*

Terrell contends that the district court erred by considering "new" evidence in the Defendants' Reply to Opposition to Motion for Summary Judgment or Partial Summary Judgment ("Reply Brief"). Because

---

1. The district court erroneously construed the Supreme Court's decision in *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) as requiring Terrell to "prove both that the *reason was false,* and that *discrimination was the real reason* for defendants' action." Order at 36. In *St. Mary's Honor,* the Supreme Court addressed the proof required to find *as a matter of law* that a plaintiff demonstrated an employer's articulated reasons were pretextual, such that a court may direct a finding of the ultimate fact of intentional discrimination. *See St. Mary's Honor,* 509 U.S. at 511, 113 S.Ct. 2742. At the summary judgment stage, a plaintiff may still raise a genuine issue of material fact as to pretext via direct evidence of discriminatory motive or by indirect evidence that undermines the credibility of the employer's articulated reasons; this regime

has been reaffirmed by the Supreme Court and the Ninth Circuit post-*St. Mary's Honor. See, e.g., Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) ("Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it can be quite persuasive."); *accord Raad,* 323 F.3d at 1194; *Chuang v. University of California Bd. of Trustees,* 225 F.3d 1115, 1127 (9th Cir.2000). The district court erred by holding Terrell to a *higher* standard than the law requires to raise a triable issue of fact regarding pretext. However, we conclude that, even applying the correct legal standard, Terrell has not come forward with specific, substantial evidence of pretext sufficient to survive summary judgment on her disparate treatment claim.

the information in the Reply Brief was not "new," [2] the district court did not err when it relied on that information in granting summary judgment. *See Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir.1996).

**REVERSE and REMAND in part; AFFIRM in part.**

Each party shall bear their own costs on appeal.

---

2. The Reply Brief addressed the same set of facts supplied in Terrell's opposition to the motion but provides the full context to Terrell's selected recitation of the facts.

