NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOANN S. HATCH, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MEGAN J. BRENNAN, Postmaster General; UNITED STATES POSTAL SERVICE, <br><br> Defendants-Appellees. | No. 16-35217 <br><br> D.C. No. 3:14-cv-05164-RBL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 7, 2018[**]
Portland, Oregon

Before: FISHER, N.R. SMITH, and HURWITZ, Circuit Judges.

JoAnn Hatch appeals a summary judgment in favor of the United States Postal Service in this action raising discrimination and retaliation claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, and § 501 of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Rehabilitation Act, 29 U.S.C. § 791. We affirm.

1. The substantive standards of the ADA govern § 501 claims. *Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003). "Discrimination and retaliation claims under the ADA are both subject to the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)." *Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014). Thus, Hatch bore the initial burden of pleading discrimination. *McDonnell Douglas*, 411 U.S. at 802. Once she did so, the Postal Service was required to present a "legitimate, nondiscriminatory reason" for the challenged conduct. *Id.* at 802–03. If it did so, the burden returned to Hatch to show that the proffered nondiscriminatory reason was pretextual. *Id*. at 803–04.

2. The Postal Service produced specific, nondiscriminatory explanations for Hatch's allegedly disparate treatment, and Hatch failed to present "specific, substantial evidence" that these explanations were pretextual. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994) (quoting *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)).

a. Hatch presented no evidence that the Postal Service put her on light duty status as pretext for discrimination. The letter she received from her supervisor simply informed her that she "may" seek light duty status, among other options including requesting "resolution through the District Reasonable Accommodation

Committee." And, Hatch's subsequent letter requesting light duty describes her choice as "a win/win."

b. Hatch presented no evidence that the Postal Service's explanation for its failure to provide her with 40 hours of work per week—the requirement under the applicable collective bargaining agreement to first ensure that employees not on light duty receive 40 hours—was a pretext for discrimination. Indeed, she presented no evidence that similarly situated nondisabled employees on light duty status worked 40 hours per week. As the district court noted, "the light-duty program could not have had the effect of discriminating against [Hatch] on the basis of her disability, because the Postal Service treated her the same way as every other unassigned employee on light-duty status."

c. Hatch also claims that the Postal Service discriminated against her by denying her various jobs. But, she presented no evidence that the Postal Service's explanation—that the collective bargaining agreement required that those jobs be awarded to employees with greater seniority—was pretextual. *See U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 416 (2002).

d. Finally, Hatch claims that a letter sent to her about her options after the District Reasonable Accommodation Committee ("DRAC") had been unable to find her a full-time position demonstrates that the Postal Service wanted Hatch to resign. However, the letter, which is purely informational, does not suggest that Hatch

3

change her employment status.

3. Hatch claims that the Postal Service retaliated against her because she requested a reasonable accommodation in March 2010 and filed EEO complaints. To establish a prima facie case of retaliation, the "temporal proximity" between the protected activity and adverse employment activity typically "must be very close." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (noting that a 3-month period was insufficient to establish causation) (internal quotation marks and citation omitted). But all alleged acts of retaliation in this case occurred either before or many months after the protected activities. Nor did Hatch present "evidence of a pattern of antagonism following the protected conduct." *Porter v. Cal. Dep't of Corrs.*, 419 F.3d 885, 895 (9th Cir. 2005) (internal quotation marks omitted).

4. Hatch's argument that the Postal Service did not act in good faith in considering her accommodation requests also fails. Although the DRAC's process was perhaps not speedy, there is no evidence of bad faith. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002).

**AFFIRMED.**

*Hatch v.Brennan*, No. 16-35217

RAYMOND C. FISHER, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority in most respects, but dissent from paragraphs 2, 2a and 2b of the memorandum disposition. I would reverse the district court's summary judgment ruling on Hatch's disparate treatment claim. The majority does not dispute Hatch established a prima facie case of disability discrimination under the *McDonnell Douglas* framework in connection with her being transferred to light duty status, an inferior position that does not guarantee full time work. The Postal Service, however, failed to meet its burden to offer a legitimate nondiscriminatory reason for ordering Hatch to request light duty. The majority points to a letter Hatch received from her supervisor, Sara Lovendahl, informing her she "may" seek light duty status, and Hatch's subsequent letter requesting light duty.

Hatch's declaration, however, states she met with Lovendahl who "directed' her to make the light duty request because of her medical restrictions even though she "had no desire to do" so. This unambiguous declaration is sufficient to create a triable issue over whether Hatch voluntarily made the request or felt compelled to do so because of her boss' directive. The Postal Service does not explain what motivated Lovendahl to tell Hatch she needed to request light duty, what Lovendahl meant when she told Hatch her position was "going away," or why

Lovendahl told Hatch she needed to bid on every open position.

Without evidence demonstrating a legitimate nondiscriminatory reason for ordering Hatch to request light duty, the *McDonnell Douglas* analysis should have ended. I therefore respectfully dissent from the portion of the majority's disposition affirming the district court's summary judgment on Hatch's claim of intentional discrimination insofar as it concerns her transfer to light duty status.